Manuel AGUIRRE et al.,
Plaintiffs-Appellants,

v.

CHULA VISTA SANITARY SERVICE AND SANI–TAINER, INC. et al.,
Defendants-Appellees.

No. 76–1039.

United States Court of Appeals,
Ninth Circuit.

Sept. 23, 1976.

Sergio Luis Lopez (argued), of San Diego, Cal., for plaintiffs-appellants.

David C. Grant (argued), of Hill, Farrer & Burrill, Los Angeles, Cal., for defendants-appellees.

Before BROWNING and LAY,* Circuit Judges, and WATERS,** District Judge.

PER CURIAM:

This is an appeal from the district court's order denying a motion for preliminary injunction in an employment discrimination action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We reverse and remand.

Appellants are Spanish-surnamed employees of a garbage disposal company. Their complaint alleged discrimination in wages, availability of work at overtime rates, availability of on-the-job training programs, and in the use of sanitary facilities. They allege that the filing of a complaint with EEOC was followed by harassment and the retaliatory discharge of appellant Primitivo Melendez. They sought a preliminary injunction prohibiting harassment and discriminatory treatment and requiring reinstatement of Melendez pending the outcome of the trial. The district court denied relief on the ground that appellants failed to show a probability of success on the merits.

The grant or denial of a preliminary injunction may be reversed only if the lower court abused its discretion or based its

---

* Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** Honorable Laughlin E. Waters, United States District Judge, Central District of California, sitting by designation.

decision upon an erroneous legal premise. *Douglas v. Beneficial Finance Co.*, 469 F.2d 453, 454 (9th Cir. 1972).

■ We think an error of law appears in the record. The district court confined its inquiry to whether appellants had established a probability of success on the merits. There is an alternative basis for granting a preliminary injunction. In *Gresham v. Chambers*, 501 F.2d 687, 691 (2d Cir. 1974), the Second Circuit held that a preliminary injunction should issue ". . . upon a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief." This circuit has adopted the *Gresham* test. *See William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975). On remand, the district court should balance the relative hardship to the parties that would result from granting or denying a preliminary injunction. If the balance tips decidedly toward plaintiffs, and if plaintiffs have raised questions serious enough to require litigation, the injunction should issue.

■ Appellant Melendez also argues that the district court erroneously refused appellants' offer of testimony to show that the reasons given for dismissing Melendez were pretext. The rules governing the order and allocation of proof in Title VII cases were laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A showing by plaintiff that he was discharged following protected activities of which the employer was aware establishes a prima facie case of retaliatory dismissal. The burden then shifts to the employer to show legitimate nondiscriminatory reasons for the dismissal. If the employer makes such a showing, the employee then must be afforded a fair opportunity to show that the asserted reasons are in fact pretext. This rule applies at the hearing on a motion for preliminary injunction. *Hochstadt v. Worcester Foundation*, 11 Employ-

ment Practices Decisions ¶ 10,644 (D.Mass. 1976).

■ Appellees argue, however, that in this circuit a preliminary injunction may, in the discretion of the trial court, be granted or denied solely upon affidavits, citing *Ross-Whitney Corp. v. Smith, Kline & French Laboratories*, 207 F.2d 190, 197–98 (9th Cir. 1953); *Hoffritz v. United States*, 240 F.2d 109 (9th Cir. 1956); and *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541 (9th Cir. 1969). These decisions do not hold that oral testimony is never required. There is no apparent reason to deny petitioner an opportunity to present his witnesses where, as in this case, there is a sharp factual conflict, resolution of that conflict will determine the outcome, the witnesses are immediately available, the facts are simple, little time would be required for an evidentiary hearing, and the court has concluded that relief must be denied if the motion is decided on the affidavits alone. *Cf. SEC v. Frank*, 388 F.2d 486, 490–91 (2d Cir. 1968).

It is unnecessary to decide, however, whether it was error to decline to hear appellants' witnesses in this case. This case has been pending for more than a year. If upon application of the proper standard the district court determines that the preliminary injunction should be denied, the case should be set for an early trial on the merits at which the witnesses for both sides may be heard.

Reversed and remanded for proceedings consistent with this opinion.