**Floyd E. ROLFE, Plaintiff,**

v.

**STATE OF ARIZONA, et al., Defendants.**

**Civ. No. 78–874 PHX EHC–MS.**

United States District Court, D. Arizona.

Nov. 16, 1983.

Robyn Brown Hoffman, Ruth V. McGregor, Fennemore, Craig, von Ammon, Udall & Powers, Phoenix, Ariz., for plaintiff.

Robert K. Corbin, Ariz. Atty. Gen., Helen M. Baldino, Jeffrey F. Arbetman, Asst. Attys. Gen., Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

CARROLL, District Judge.

On September 23, 1983, the Court took under advisement Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment.

A brief review of prior events will assist in a better understanding of pending issues and the bases for their resolution.

This action was filed November 14, 1978 against the State of Arizona. Relief was sought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff alleged racial discrimination with respect to his demotion on May 6, 1976.

The case was stayed for several years while Plaintiff pursued remedies before the State Personnel Board, with subsequent review of its order in state court. *Rolfe v. State ex rel Huerta,* 131 Ariz. 592, 643 P.2d 505 (App.1982). The Arizona Court of Appeals Opinion outlines the changes in Rolfe's employment status in 1976.

In subsequent amendments to the complaint in this case, Rolfe claims continuing racial discrimination since May, 1976.* He also claims that his discharge from state employment on November 5, 1982, was an illegal retaliation for his having pursued his civil rights charges. The stated reason for his discharge was for "cause" as outlined in State Personnel Board Rule R 2–5–401 (Code of Ethics for State Service).

Thus, the First Amended Supplemental Complaint purports to allege a Title VII

---

* There is considerable doubt whether Plaintiff's 1976 EEOC charge can be regarded as having continuing effect so as to encompass subsequent acts of claimed discrimination. The specifics of those subsequent acts are not set forth in the amended complaint. Plaintiff's October 7, 1982 EEOC charge would cover any acts occurring in the 12 prior months.

claim, as well as claims under 42 U.S.C. § 1983 and the Fourteenth Amendment.

The First Amended Supplemental Complaint (complaint) is less than a model of specificity. The named defendants are the State of Arizona, Director of Department of Economic Security, Donald Mathis, Richard Rabago, Guy Mikkelsen and Bette De-Graw. The pleading identifies the state position held by each named individual defendant (Paragraph V) and seeks punitive damages against each of them in the amount of $100,000.

The complaint does not distinguish as to the relief sought against the different defendants under Title VII and § 1983.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants set forth four grounds in support of their motion: first, that the plaintiff is unable to establish a prima facie case of racial discrimination or retaliation under Title VII, second, that the State and its employees, sued in their official capacities, are immune from suit in the Section 1983 action, third, that the plaintiff is not entitled to punitive damages, and fourth, that the plaintiff has not complied with the administrative prerequisites for suit under Title VII as to all defendants.

Prima Facie Case under Title VII

The parties agree that the burden of proof in a Title VII case where the allegation is that the plaintiff was subjected to discriminatory treatment is:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. (citations omitted)

*Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981), *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ For purposes of this action, the plaintiff may sustain his burden of proving the *prima facie* case by demonstrating:

a. that he is a member of a protected racial group;

b. that he was qualified for a position from which he was demoted, refused promotion, or terminated;

c. that despite his qualifications, he was demoted, refused promotion, or terminated; and

d. after the job action, the position was offered to other equally qualified persons of another racial group.

The defendants have not addressed the question of the applicability of the *McDonnell Douglas Corp.* test to a reverse discrimination setting. The plaintiff suggests that the first element of the test merely requires that he be in the racial minority *vis a vis* his "superiors and personnel analysts." He also suggests that proof that the demotion was procedurally improper under Arizona law supports the *prima facie* case of discrimination.

■ The inference of discrimination which arises after proof of the *McDonnell Douglas Corp.* factors, in a classic case of racial discrimination, is not nearly so compelling in this case because the plaintiff is anglo (reverse discrimination). The plaintiff must premise his case on the fact that he was qualified for a job, but rejected in favor of an applicant of another race. "He must also show that 'background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Lanphear v. Prokop,* 703 F.2d 1311, 1315 (D.C. Cir.1983), *quoting Parker v. Baltimore & O.R. Co.,* 652 F.2d 1012, 1017 (D.C.Cir. 1981). In the absence of affidavits dispelling the inference of discriminatory intent, the Court finds that there are disputed

questions of fact, to be resolved at trial regarding Rolfe's claims of racial discrimination.

As to the retaliation claim, the defendants argue that plaintiff must establish there was no "cause" for his termination. They contend that the following facts establish that the plaintiff will be unable to prove a *prima facie* case of retaliation: the delay of three years from the filing of the lawsuit to the date of discharge; the fact that a different departmental administration terminated him; and his failure to appeal his dismissal as allowed by state personnel procedures.

■ The plaintiff's ultimate burden is to prove "by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the firing and that but for such activity the plaintiff would not have been fired." *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 345 (9th Cir.1982) (citations omitted). The *prima facie* case is established by showing that the plaintiff was discharged following protected activities of which the employer was aware. *Kauffman v. Sidereal Corp.*, 695 F.2d at 345, *quoting Aguirre v. Chula Vista Sanitary Service*, 542 F.2d 779, 781 (9th Cir. 1976).

The defendants' arguments are directed to the issues which arise after the plaintiff has demonstrated the *prima facie* case. They have tacitly conceded that even a reverse discrimination plaintiff has met his initial burden of proof if he meets the *Aguirre* standard.

*Immunity Under 42 U.S.C. § 1983*

■ There are two sets of defendants— the State of Arizona and certain of its employees. As to the State, the plaintiff has not responded to the argument that it is immune from suit under § 1983 because of the Eleventh Amendment. The state's position is correct. *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1349–50 (9th Cir.1981), *affirmed* — U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983).

The pending complaint does not differentiate in the caption as to any defendant being named in their official versus individual capacity.

The defendant, "Director of the Arizona Department of Economic Security," is named in an official capacity. There are no allegations which specifically indicate this defendant's wrongful conduct. As there is no allegation that this defendant is being sued in an individual capacity, this defendant is entitled to the protection of the Eleventh Amendment's bar.

The plaintiff appears to presume that because the Director of the DES is the only defendant named in his official capacity, all other defendants are named in their individual capacities. The prayer for relief asks for punitive damages against each individual defendant who is a natural person. Each of the individual defendants has been personally served with the latest complaint. Accordingly, the Court construes this latest complaint as naming these defendants in their individual capacities.

The defendants assert that the plaintiff should be estopped from advancing this theory. There is no citation of authority for this proposition.

The wrongful termination allegation names Mathis, Mikkelsen and DeGraw as actors. Richard Rabago's only involvement with the case appears to be that he "assisted the Arizona Department of Economic Security in taking all personnel actions against Plaintiff," (Paragraph V). This allegation does nothing more than seek liability based solely upon his position as an official of the Arizona Department of Administration. This allegation does not overcome the Eleventh Amendment's bar. *Rutledge*, 660 F.2d at 1350. The allegations against the other three individuals are sufficient for jurisdictional purposes under § 1983.

In conclusion, the State of Arizona, the Director of the Arizona Department of Economic Security and Richard Rabago are entitled to have the 42 U.S.C. § 1983 claims dismissed against them.

*Punitive Damages*

■■■ The plaintiff is entitled to request punitive damages from individuals under the § 1983 claim. *Smith v. Wade,* —— U.S. ——, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Such damages may be awarded under § 1983 even though the claimed constitutional violation also involves a Title VII claim. *See Bradshaw v. Zoological Society,* 569 F.2d 1066 (9th Cir.1978).

■■■ The plaintiff is not entitled under his Title VII claim to an award of compensatory or punitive damages against individual employees of the state. His claim, if any, is for back pay against the state as employer. *Padway v. Palches,* 665 F.2d 965, 968 (9th Cir.1982); *Walker v. Ford Motor Co.,* 684 F.2d 1355, 1363 (11th Cir. 1982).

ADMINISTRATIVE PREREQUISITES TO TITLE VII ACTION

■■■ The individual defendants object to being named as parties for the Title VII claim since they were not specifically named in any of the EEOC charges. Cf. *Chung v. Pomona Valley Community Hospital,* 667 F.2d 788 (9th Cir.1982).

The Court's reasoning with respect to this issue differs from that of the parties.

In actions against state officials, Title VII actions can only be maintained against them in their official capacities. C. Richey, Manual on Employment Discrimination and Civil Rights Actions in Federal Courts A–5 (Federal Judicial Center, rev. ed. 1983).

Here, the plaintiff contends that each of the named defendants are sued in their individual capacity. Ergo, a Title VII claim is not stated against Mikkelsen, Mathis and DeGraw.

Assuming a Title VII claim was applicable to those individuals, relief would be limited to an injunction against any future discriminatory actions against the plaintiff.

Accordingly, Mikkelsen, Mathis and De-Graw are entitled to summary judgment on Plaintiff's Title VII Claim.

*Plaintiff's Motion for Partial Summary Judgment*

Plaintiff seeks an order of court determining that certain findings by the State Personnel Board are binding in this action under the doctrine of collateral estoppel, and that the plaintiff has established a *prima facie* case under Title VII.

*Collateral Estoppel*

Defendants failed to respond to this argument, other than to assert the contrary (without citation) in their reply on their motion for summary judgment. The matter could be deemed admitted. Local Rule 11(h). However, the Court will discuss the merits of this issue, due to its possible ramifications at trial.

■■■ This Court is required to give state court findings the same preclusive effect they would have had in the state forum. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). The parties must have had a full and fair opportunity to litigate the issues in question. *Ibid.,* 456 U.S. at 480, 102 S.Ct. at 1897. An issue of fact or law must have been necessary to the state court's judgment in order to have the decision be given preclusive effect. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

■■■ The plaintiff seeks to have this Court find preclusion of the basic issue of the legality of the plaintiff's demotion. As the four narrow conclusions set forth by the plaintiff in his motion for partial summary judgment at 6—7 were necessary to the Personnel Board's decision, and the defendant State of Arizona had a full and fair opportunity to litigate the issue, these conclusions are deemed precluded in this litigation.

*Prima Facie Showing of Discrimination*

■■■ The plaintiff's discussion of the burden of proof in this matter does not adequately address application of facts involving reverse discrimination to the

*McDonnell Douglas Corp.* four part test, as noted in the discussion of the defendants' motion for summary judgment above. Those facts which the plaintiff urges in support of his motion will presumably be admitted at trial, *e.g.* the plaintiff's race and the race of his co-workers, but the proper legal standard has not been applied to those facts. Therefore, it is not appropriate for the court at this time to draw the requested legal conclusion from the undisputed facts.

An additional issue relating to the plaintiff's qualifications to perform his pre-May 5, 1976 duties is urged in response to plaintiff's motion. While the plaintiff may have been demoted without the proper procedure, *i.e.*, demoted without a proper determination of "cause", the defendants may still raise the issue of the plaintiff's competency as a reason for the action taken. The plaintiff's preliminary burden of showing competency pursuant to proving the *prima facie* case is less than the ultimate burden of proving, by a preponderance of the evidence, that he was demoted with discriminatory intent. The defendants' evidence of cause, while not presented before the Personnel Board in large measure, is still admissible in this proceeding.

Accordingly,

IT IS ORDERED:

1. That defendants' Motion for Summary Judgment is granted in part as follows:

a. the claim under 42 U.S.C. § 1983 is dismissed as to the State of Arizona, the Director of the Arizona Department of Economic Security, and Richard Rabago;

b. the plaintiff is not entitled to an award of punitive damages under his Title VII claim;

c. the claim under § 42 U.S.C. § 2000e is dismissed as to Guy Mikklesen, Donald Mathis and Bette DeGraw.

The defendants' Motion for Summary Judgment is denied in all other respects.

2. That plaintiff's Motion for Partial Summary Judgment is granted in part. The following conclusions are entitled to collateral estoppel effect in this proceeding;

a. that there was no bona fide abolishment of the Bureau of Community Support in May of 1976, inasmuch as the funding, mission and function which justified its existence were continued without interruption under the nomenclature, first, of the Office of Economic Opportunity located in the Director's Office and, second, of the Community Services Administration within a new Bureau of Special Programs;

b. the Arizona Department of Economic Security violated applicable personnel regulations by failing to require reallocation of the Bureau Chief position, Bureau of Community Support;

c. the Arizona Department of Economic Security violated the applicable state personnel rules in failing to process the necessary documentation to timely create a position with the function being performed by Antonio Guzman as "Acting Chief" of the new Bureau of Special Programs; and

d. the plaintiff's demotion under the "reduction-in-force" procedure on May 5, 1976, was improper.

This ruling is without prejudice to the right of either party to argue that further conclusions are mandated under the same doctrine.

In all other respects, the plaintiff's Motion for Partial Summary Judgment is denied.