Gwynn **MORGAN**, Plaintiff,

v.

**HUMBOLDT COUNTY SCHOOL DISTRICT, Tony Wiggins, Frank Oxborrow, and Joe De Arrieta, Defendants.**

No. CV–R–85–118–ECR.

United States District Court, D. Nevada.

Dec. 4, 1985.

Nicolaus R. Harkins, Reno, Nev., for plaintiff.

Paul J. Anderson, Reno, Nev., and John M. Doyle, Winnemucca, Nev., for defendants.

ORDER

EDWARD C. REED, Jr., District Judge.

In this case, the plaintiff has brought an action under various civil rights statutes in order to remedy alleged violations of those

rights at the hands of the defendants. Originally, the plaintiff filed her action under the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* At the same time the complaint was filed, however, the plaintiff was pursuing grievances through the procedure set forth under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Some five months after the filing of the present complaint, the plaintiff received a Notice of Right to Sue letter from both the Equal Employment Opportunity Commission and the Nevada Equal Rights Commission.

Plaintiff now seeks leave to amend her complaint to include causes of action under 42 U.S.C. §§ 1983, 1985(3) and 2000e and to extend the period in which discovery may be conducted because of the newly added claims. The defendants have stipulated to the addition of the claim under § 2000e, and to an extended discovery period. They oppose the addition of the claims under §§ 1983 and 1985(3), however, on the grounds that these sections are preempted by the ADEA and Title VII, and that allowing their addition to the present cause of action would be prejudicial.

In the original complaint, the plaintiff alleges that she had been the victim of a pattern of verbal and psychological abuse by the administration of Lowry High School in Winnemucca, Nevada, during her tenure there. Specifically, she complains of being detained in the vice-principal's office and interrogated for over two hours, of having "problem" and disruptive students specifically assigned to her classes for the purposes of harassment, and of being verbally assaulted and "brainwashed" by the administration. The original complaint indicates that the plaintiff was within the age group protected by the ADEA, and that all the defendants' acts were taken in an attempt to force teachers of that age group to retire.

In her amended complaint, the plaintiff alleges that she has received a Notice of Right to Sue letter from the EEOC and NERC, and that she should therefore be allowed to amend her complaint to include a cause of action under 42 U.S.C. § 2000e. Plaintiff further alleges, however, that the defendants' actions constitute violations of other civil rights legislation—specifically, 42 U.S.C. §§ 1983 and 1985(3)—but alleges no other facts to support these allegations beyond those contained in the first pleading. The defendant, as noted above, concedes that plaintiff has the right to amend the complaint to add the Title VII claim. Defendant raises objection to the addition of the claims under 42 U.S.C. §§ 1983 and 1985(3), however, contending that other federal civil rights legislation preempts these claims in this context.

The Federal Rules of Civil Procedure provide for liberal amendment of pleadings. Rule 15(a) indicates that

> [a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires ...

Fed.R.Civ.Pro. 15(a). Although the Rule does provide for liberal amendment, the district court is not unrestricted in granting such leave. The Supreme Court noted in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) that amendment must be allowed only in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment ..." *Id.* at 182, 83 S.Ct. at 230. Thus, the "interests of justice" do not require a court to allow amendment of pleadings to include claims which are fatally deficient for some reason.

The Ninth Circuit has echoed this view. In *Jones v. Community Redevelopment Agency,* 733 F.2d 646 (9th Cir.1984), the

court concluded that the district court's dismissal of a motion for leave to amend a complaint had been proper. The plaintiff in this case had initiated his action on the grounds that the defendants had violated various of his federally secured rights in refusing to grant him a performance bond, thereby giving rise to an action under 42 U.S.C. § 1983. The defendants, however, moved to dismiss this claim, contending that previous state court actions had indicated no possible violation existed, and that the action should be dismissed on grounds of abstention. The district court found these arguments persuasive, and dismissed the complaint. Plaintiff then filed a motion for leave to amend, incorporating by reference most of the original complaint, and alleging in addition that he had been deprived of the right to bid on state government contracts because of his race. *Id.* at 649. The district court, however, refused to grant leave to amend the complaint, finding that these additional allegations did not state a fresh § 1983 cause of action.

The circuit court held that the district court had not abused its discretion in refusing to grant leave to amend. After reviewing the § 1983 claim in the proposed complaint, the court found that the proposed amendment was "of little more merit than the first amended complaint," because it contained only conclusory allegations which were unsupported by any concrete facts. *Id.* at 650. Thus, the court concluded that the plaintiff had failed to establish any facts that supported a constitutional injury based on race, and that refusal of leave to amend the complaint was proper, in that the proposed amendment was futile. *Id. See Massarsky v. General Motors Corp.*, 706 F.2d 111 (3rd Cir.1983) *cert. denied* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983) (trial court may deny leave to amend where amendment would not withstand a motion to dismiss); *Jafree v. Barber*, 689 F.2d 640 (7th Cir.1982) (denial of leave to amend was not abuse of discretion where amendment failed to disclose that official actions were prompted by racial animus); *Rauch v. United Instruments, Inc.*, 405 F.Supp. 435 (E.D.Pa.1975)

*rev'd on other grounds* 548 F.2d 452 (3rd Cir.1976) (court must avoid useless acts by measuring proposed amendments in terms of their ability to withstand a motion to dismiss).

▮ In the present case, it is clear that none of the plaintiff's proposed amendments can withstand motions to dismiss, as both of them are preempted by civil rights statutes which the plaintiff has already invoked. Plaintiff's first proposed amendment regards alleged violations of federal rights secured under 42 U.S.C. § 1983. Defendant argues that this claim is preempted by the plaintiff's filing an action under the ADEA, 29 U.S.C. § 623, *et seq.* Case law bears out the defendant's argument. In *McCroan v. Bailey*, 543 F.Supp. 1201 (S.D.Ga.1982), for example, a plaintiff brought actions under both the ADEA and § 1983 for alleged infringement of her civil rights. The plaintiff had been employed full time at the Augusta College bookstore until she had turned 65. At this time, the defendants proceeded on a course of action calculated to force the plaintiff into retirement. As part of their scheme, defendants downgraded plaintiff's full-time position to part time, although the bookstore subsequently hired three part-time student workers to fill in the hours the plaintiff no longer worked. In addition, the defendants subjected the plaintiff to verbal harassment, and falsely accused her of theft and culpability for cash register errors.

Once the plaintiff had filed her bipartite complaint, the defendants moved to dismiss the § 1983 action, contending that the ADEA did not provide a right which could be vindicated in a § 1983 action. In addition, the defendants contended that ADEA preempted the entire field of age discrimination in federal courts, and that § 1983 actions to prevent such discrimination were therefore superfluous.

In dismissing the first of defendants' contentions, the district court found that in order to establish a violation of § 1983, a plaintiff must allege the deprivation of some right secured by the "Constitution

and laws" of the United States. *Id.* at 1208. In *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the court noted, the Supreme Court had indicated that § 1983 had encompassed all violations of federal statutory law. *Id.* at 1208 (*citing Maine v. Thiboutot, supra*, at 4, 100 S.Ct. at 2504). This expansive construction, however, was limited by the court in *Pennhurst State School v. Halderman*, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), in which the Court noted that a § 1983 action for the enforcement of a federal statutory right is unavailable where the "governing statute provides an exclusive remedy for violations of its terms." *Id.* at 1209 (*citing Pennhurst State School v. Halderman, supra*, at 28, 101 S.Ct. at 1545).

In this sense, the district court noted that rights under the ADEA could only be remedied by actions brought under its provisions, because the ADEA statute contains a specific administrative procedure which a prospective plaintiff must follow in order to recover. Specifically, the Act requires that a prospective plaintiff must first file a complaint with the Secretary of Labor before filing a civil action. If the Secretary decides that it should take action, the right of the individual to bring suit is foreclosed in favor of the Secretary's ability to resolve the dispute through informal methods of conciliation, conference, and persuasion. *See,* 29 U.S.C. § 626 (1985). Thus, the court concluded,

> [t]he inescapable conclusion that is drawn from the foregoing is that if other modes of enforcement were available to the private litigant, the congressional scheme behind ADEA enforcement could easily be thwarted. An impatient plaintiff might unilaterally dispense with the informal negotiations contemplated by Congress, needlessly casting all concerned into costly litigation. Congress did not intend to allow a plaintiff to bypass the statutory scheme clearly embodied in the ADEA ...

The only reasonable conclusion from these facts, the court stated, was that Congress intended ADEA to preempt the entire field of age discrimination. *Id.* Therefore, the court dismissed the § 1983 action.

In the present case, as in *McCroan*, the Court finds that the proposed § 1983 action is preempted by the ADEA, and that no leave may be granted to add this claim to the complaint. As seen above, the ADEA has a specific statutory scheme, which would be thwarted if the Court were to allow a separate § 1983 action for the alleged age discrimination. In that the ADEA is the exclusive remedy for these rights, allowing the plaintiff to amend her complaint to include a § 1983 action for their violation would be futile, in that the newly amended complaint would immediately fall prey to a motion to dismiss.

■ This is not to say, however, that an action under § 1983 can never be filed at the same time as one under the ADEA. If the plaintiff had alleged facts in her proposed amended complaint which indicated that defendants violated some federally secured right other than those already protected by the ADEA, a separate § 1983 could lie. The plaintiff has not done this, however. Although the new complaint does contain an allegation that the defendants have violated the plaintiff's due process rights, this is but a mere conclusory allegation. The rule in this circuit has always been that mere allegations are not sufficient to state a cause of action. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir.1982) (material facts must be pled in order to state a cause of action, not merely characterizations or conclusions drawn from them). Because plaintiff has alleged no new facts which would support an independent § 1983 action, it appears that the plaintiff's § 1983 claim is but a mirror image of the claim under the ADEA. Because of ADEA's preemption of this field, the Court finds that the addition of the 1983 claim would be futile, and denies the motion for leave to add it to the complaint.

■ Similarly, the motion for leave to amend the complaint to add a cause of action under 42 U.S.C. § 1985(3) must be denied. As stated above, the plaintiff has

requested leave to file an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The relevant cases indicate that the prosecution of an action under this statute bars the bringing of an action under § 1985(3).

In *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), for example, the Court indicated that rights protected under Title VII could not be the basis for a cause of action under other federal civil rights legislation. In this case, the plaintiff contended that he was fired from his position at the savings and loan for openly opposing that company's official policy of discrimination against women. The plaintiff then brought an action with the Equal Employment Opportunity Commission under Title VII, and also filed a civil suit under 42 U.S.C. § 1985(3). The defendant, however, moved to dismiss the § 1985(3) action, contending that the rights which the plaintiff sought to enforce were adequately protected by Title VII, and that the latter legislation preempted the former.

The Supreme Court found the defendant's argument convincing. Title VII, found the Court, contains specific provisions which a plaintiff must fulfill in order to be entitled to relief. The greatest of these, the Court continued, is the administrative process which Congress specifically established for the speedy resolution of employment discrimination complaints. "If a violation of Title VII could be asserted through § 1985(3)," the Court concluded, "a complainant could avoid most if not all of these detailed and specific provisions of the law." *Id.* at 375–76, 99 S.Ct. at 2350–51. The administrative framework which Congress developed for the resolution of these complaints indicates that the rights involved in the statute are inextricably bound together with the procedural method developed for their assertion. Thus, the court concluded, "[u]nimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Id.* at 378, 99

S.Ct. at 2352. *See Snow v. Nevada Dept. of Prisons,* 582 F.Supp. 53 (D.Nev.1984).

In the present case, plaintiff would have this Court allow the addition of a § 1985(3) action and a Title VII complaint. The facts of the case, as stated by the plaintiff in the proposed amended complaint, indicate that this is a cause of action sounding in employment discrimination. Thus, the plaintiff presents to this Court the exact situation as confronted the Supreme Court in *Great American,* in that she seeks to vindicate her rights created under Title VII by means of an action under § 1985(3). As the Supreme Court has noted, however, this cannot be allowed, for doing so would frustrate the congressional scheme developed for Title VII.

If the plaintiff could allege that some other federal rights were violated, and that the defendants did so by means of a racially or otherwise class-based discriminatory animus, *see Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, then the § 1985(3) action would seek to vindicate rights distinct from those created and protected by Title VII. Because the plaintiff has failed to do this, however, granting leave to amend the complaint to add both a Title VII and a § 1985(3) action would be a futile act, as the latter action would fall immediately to a motion to dismiss. The motion for leave to amend the complaint to add the § 1985(3) action must therefore also be denied.

IT IS, THEREFORE, HEREBY ORDERED, that plaintiff's motion for leave to amend the complaint to add an action under 42 U.S.C. § 2000e is GRANTED.

IT IS FURTHER ORDERED, that the discovery period shall be extended for ninety (90) days.

IT IS FURTHER ORDERED, that plaintiff's motion for leave to amend the complaint to add actions under 42 U.S.C. §§ 1983 and 1985(3) is DENIED.