**DEPARTMENT OF EDUCATION, State of Hawaii, Plaintiff,**

v.

**MR. AND MRS. S., as legal guardians of Cynthia L., Defendants.**

**MRS. S., as legal guardian of Cynthia L., Counterclaimant,**

v.

**DEPARTMENT OF EDUCATION, State of Hawaii, Counterclaim Defendant.**

Civ. No. 86–0098.

United States District Court,
D. Hawaii.

April 8, 1986.

§ 685.010. Those rates will be included in the final judgment.

Corinne K.A. Watanabe, Atty. Gen., June Y.I. Ito, Gale L.F. Ching, Deputy Attys. Gen., State of Hawaii, Honolulu, Hawaii, for plaintiff/counterclaim defendant, Dept. of Educ.

Paul, Johnson & Alston, Shelby Anne Floyd, Jeffrey P. Crabtree, Honolulu, Hawaii, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TAKASUGI, District Judge.

This matter came before the court for hearing on March 20, 1986 on the motion by defendant Mrs. S. for preliminary injunction. At said hearing the court orally denied said motion. Thereafter, this court, upon a subsequent reading of *Burlington School Committee of the Town of Burlington, Massachusetts v. Department of Education of the Commonwealth of Massachusetts*, 471 U.S. ——, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), set a hearing on April 1, 1986, on its own motion for reconsideration of its previous denial of preliminary injunction.

At said reconsideration hearing, this court expressed its thoughts as to the application of *Burlington* herein and counsel addressed the issues. Thereafter, the court allowed the filing of further evidence.

The court having duly considered the pleadings and other documents filed herein and the arguments of counsel, the court now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff is the Department of Education, State of Hawaii ("DOE"). In Hawaii, DOE is the agency responsible for providing education to handicapped children and is the responsible agency for implementing and ensuring compliance with the Education for All Handicapped Children Act, 20 U.S.C. §§ 1401, *et seq.* ("EAHCA").

2. Cynthia L. is a seventeen-year-old handicapped girl who is, and was at all times relevant herein, a resident of the State of Hawaii and eligible to receive free appropriate public education under the EAHCA. Cynthia is deaf, blind and classified as moderately mentally retarded and has attended the Hawaii School for the Deaf and Blind ("HSDB").

3. Defendants Mr. and Mrs. S., the legal guardians of Cynthia, were residents of the State of Hawaii at all times relevant herein. In 1976, Mr. and Mrs. S. became the legal guardians of Cynthia.

4. Due to Mrs. S.'s return to school and the complexity of Cynthia's needs, Mrs. S. has encountered difficulties in caring for Cynthia. In 1984 and 1985, Mrs. S. requested emergency placements for Cynthia at the HSDB dormitory and in a foster home. Cynthia has been placed in the foster home of Mrs. Jackie Mossman for approximately a year and a half and currently does not reside with Mrs. S.

5. In 1985 DOE conducted a reevaluation of Cynthia's handicap and reassessment of her educational needs upon either the request or consent of defendant Mrs. S.

6. DOE contracted with Dr. George Singer to conduct an independent educational evaluation of Cynthia. Dr. Singer's evaluation was conducted in August 1985.

7. Dr. Singer concluded that Cynthia needed a structured extended educational program which emphasized independent living skills and which emphasized "generalization."

8. It appears to this court, based upon the evidence produced, that DOE is not implementing many of the recommendations of Dr. Singer.

9. Defendant Mrs. S. requested a hearing pursuant to 20 U.S.C. § 1415(e) and the state's administrative process was commenced.

10. After several days of testimony, the Hearing Officer, Stephen I. Okumura, issued his final report on January 7, 1986.

11. In his final report, the Hearing Officer concluded that DOE's proposed edu-

cational program for Cynthia is insufficient and ordered as follows:

1. The district is ordered to undertake its best efforts to assure that the foster mother is informed of opportunities for in-service training, seminars, lectures, parent group meetings, and the like, at the Hawaii School for the Deaf and Blind or at other departmental or district sites.

2. The district is ordered to undertake its best efforts to assure that baseline data for implementation of the ICSM program be gathered while the child is present at the foster mother's home.

3. The district is ordered to provide appropriate respite care by educational aides, or by other paraprofessional personnel who work with the child, at the department's expense, until 5:30 p.m., Mondays through Fridays, on days when the child attends school at the Hawaii School for the Deaf and Blind. The department is also ordered to provide eight hours per month of evening respite care and 16 hours per month of respite care on Saturdays.

4. The district is ordered to undertake its best efforts to assure that educational aides and other paraprofessional personnel who work with the child be available to accept employment by the foster mother to provide appropriate respite care during school vacations or at other times.

5. If the department is unable, by March 15, 1986, to provide respite care after school, two evenings per month and two Saturday mornings per month, then the department is ordered to arrange for the child to be sent to the Perkins School, or other appropriate residential facility, as soon as possible, thereafter at the expense of the department.

12. DOE brings the instant action for declaratory relief pursuant to 20 U.S.C. § 1415(e)(2).

13. Defendant Mrs. S. has filed a counterclaim herein for injunctive relief based on the EAHCA.

14. On March 14, 1986, defendant Mrs. S. filed a motion for preliminary injunction mandating DOE to immediately provide Cynthia with a residential educational program pursuant to the decision of the Hearing Officer.

15. Based on the evidence presented herein, it appears that the DOE's educational program is insufficient for Cynthia.

16. Presently being at the age of seventeen years, Cynthia is only eligible for a free appropriate public education for three or four more years.

17. It appears that defendants Mr. and Mrs. S. are not financially capable of placing Cynthia in a residential educational program at their cost.

Any finding of fact which may be deemed a conclusion of law is incorporated into the conclusions of law section below, and any conclusion of law which may be deemed a finding of fact is incorporated into the findings of fact section above.

## CONCLUSIONS OF LAW

1. This court has subject matter jurisdiction. 28 U.S.C. § 1331, 20 U.S.C. § 1415(e)(2).

2. In this action, "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2).

3. During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents or guardian, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(e)(3).

4. The preliminary injunction sought by defendant Mrs. S. would effect a removal

of Cynthia from her "current educational placement."

5. The proceeding before the Hearing Officer was the "hearing ... conducted by the State educational agency" required pursuant to 20 U.S.C. § 1415(b)(2).

6. 20 U.S.C. § 1415(e)(3) requires that the child "remain in the then current educational placement" unless either the State or the local educational agency agrees otherwise with the guardian.

7. The decision by the Hearing Officer is the decision by the State educational agency.

■ 8. As the decision by the Bureau of Special Education Appeals ("BSEA") in *Burlington School Committee of the Town of Burlington, Massachusetts v. Department of Education of the Commonwealth of Massachusetts,* 471 U.S. ——, 105 S.Ct. 1996, 85 L.Ed.2d 385, 396 (1985), "would seem to constitute agreement by the State to the change of placement," so too it appears that the decision by the Hearing Officer herein would constitute agreement by the State to the change of placement.

■ 9. Because placement of Cynthia in a residential program after January 7, 1986 would be by agreement with the "State educational agency" and, thus, not in violation of 20 U.S.C. § 1415(e)(3); a preliminary injunction requiring such placement, also, would not be a violation of 20 U.S.C. § 1415(e)(3). As such 20 U.S.C. § 1415(e)(3) is not a bar to preliminary injunction.

10. "... [T]he review process is ponderous. A final judicial decision on the merits of an IEP [individualized education program] will in most instances come a year or more after the school term covered by that IEP has passed." *Burlington School Committee of the Town of Burlington, Massachusetts v. Department of Education of the Commonwealth of Massachusetts,* 471 U.S. ——, 105 S.Ct. 1996, 85 L.Ed.2d 385, 395 (1985).

11. Given Cynthia's present age, it is most likely that she will be beyond the age of eligibility for free appropriate public education by the time this judicial review process, including appellate review, is finally concluded.

12. "[A] preliminary injunction should issue '... upon a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Aguirre v. Chula Vista Sanitary Service and Sani-Tainer, Inc.,* 542 F.2d 779, 781 (9th Cir.1976).

■ 13. Defendant Mrs. S. has shown probable success on the merits, possible irreparable injury and the balance of hardships tips decidedly in favor of defendants.

14. Defendants are entitled to preliminary injunction.

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter having come before the court for hearing on March 20, 1986 on the motion by defendant Mrs. S. for preliminary injunction and on April 1, 1986 on reconsideration of this court's oral ruling of denial of preliminary injunction, and this court having considered the pleadings and other documents filed herein and argument of counsel and having filed findings of fact and conclusions of law concurrently herewith,

IT IS ORDERED that the motion by defendant Mrs. S. for preliminary injunction is granted and, pending trial on the merits herein, plaintiff is hereby ordered to arrange for Cynthia to be sent to the Perkins School for the Blind in Philadelphia, Pennsylvania, or another appropriate residential facility, as soon as possible, at the expense of plaintiff. The bond for this Preliminary Injunction is set for $1.00.