**Yvonne SEIB, Plaintiff,**

v.

**ELKO MOTOR INN, INC., et al., Defendants.**

**No. CV–R–85–166–ECR.**

United States District Court, D. Nevada.

Oct. 15, 1986.

---

Lawrence J. Semenza, Reno, Nev., for plaintiff.

Barker, Gillock & Perry, Reno, Nev. for all defendants except Sullivan.

Guild, Hagen & Clark, Reno, Nev., for Willard Sullivan.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

From November 27, 1982, to April 4, 1983, plaintiff Yvonne Seib was employed as a slot change person by the Red Lion Casino (the RLC), in Elko, Nevada. In March of 1984, plaintiff brought a charge of employment discrimination to the Equal Employment Opportunity Commission (the EEOC). The only named respondent in the charge is the RLC. Defendant Willard Sullivan, however, is specifically mentioned in the charge. In fact, the charge identifies Sullivan as plaintiff's supervisor during the time of her employment with the RLC and alleges that Sullivan's acts of sexual harassment forced plaintiff to leave her job.

On April 4, 1985, after she received her notice of right to sue from the EEOC, Seib filed a complaint in this court against Thunder-Lion Enterprises, Inc., (Thunder-Lion), which operates the RLC, Willard Sullivan, and other defendants. On the same date, plaintiff filed a state court action asserting similar claims against these defendants.

Plaintiff's amended complaint sets forth seven causes of action. Federal question jurisdiction under 28 U.S.C. § 1331 is based solely on the first cause of action. It is founded on Title VII of the Federal Civil Rights Act of 1964. In her claim, plaintiff alleges that Sullivan sexually harassed her and eventually forced her to quit her job with the RLC. She further alleges that Thunder-Lion is liable because it "sanctioned" Sullivan's actions and was "deliberate[ly] indifferent" to plaintiff's complaints. The remaining causes of action are based on state law and are before the Court under its pendent jurisdiction.

Defendant Sullivan now moves to dismiss plaintiff's claims against him. Sullivan essentially states three grounds for dismissal. First, Sullivan contends that because he was not a "named respondent" in the EEOC's charge, under 42 U.S.C. § 2000e–5(f)(1), the Court has no jurisdiction over him with respect to the Title VII claim. Second, he claims that plaintiff has failed to state a proper claim under Title VII because she seeks damages unavailable under that statute. And third, he claims that if the Title VII claim is dismissed, the pendent state claims must be dismissed as well.

The Court will not address Sullivan's first ground for dismissal because it agrees that the complaint fails to state a proper claim under Title VII. The Title VII claim is deficient because it seeks compensation from the defendants for "serious, grievous, painful, and permanent injuries including severe emotional distress...." It is well settled, however, that no such damages are recoverable under Title VII. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982); *Shah v. Mt. Zion Hospital and Medical Center*, 642 F.2d 268, 272 (9th Cir.1981); *Wasilchuk v. Harvey's Wagon Wheel, Inc.*, 610 F.Supp. 206, 209–10 (D.Nev.1985); 42 U.S.C. § 2000e–5(g). Therefore, the Court holds that plaintiff has failed to state a claim under Title VII.

Normally, the Court would grant plaintiff leave to amend her complaint. In this case, however, the Court finds that such action would be pointless. The only forms of relief available under Title VII are injunctive or declaratory relief, reinstatement, back pay and any other equitable relief that the Court deems appropriate. 42 U.S.C. § 2000e–5(g). Therefore, to state

a proper claim against Sullivan, plaintiff must state a basis for these forms of relief. Because Sullivan is not presently employed by the RLC or Thunder-Lion, the need for declaratory or injunctive relief against him is moot. *See Pree v. Stone and Webster Engineering Corp.*, 607 F.Supp. 945, 950 (D.Nev.1985) (claim for injunctive relief against retired supervisor denied as moot).

 It has also been held that an employee may not be held liable for back pay under Title VII. In *Padway, supra*, for example, a former school principal brought a Title VII suit against the district school board, the superintendent of schools and other individual defendants. The Ninth Circuit, in assessing the claims against the individual defendants, stated that "[b]ack pay awards are to be paid by the employer. 42 U.S.C. § 2000e–5(g). The individual defendants cannot be held liable for back pay." *Id.* at 968, *citing, Clanton v. Orleans Parish School Board*, 649 F.2d 1084, 1099 (5th Cir.1981) (holding that public officials could not be held personally liable under Title VII).

Two other courts have followed *Padway* in cases involving public officials. *Rolfe v. State*, 578 F.Supp. 1467, 1472 (D.Ariz.1983); *Snow v. Nevada Dept. of Prisons*, 543 F.Supp. 752, 755 (D.Nev.1982); *but see Barger v. State*, 630 F.Supp. 88, 90–92 (D.Kan.1985). Moreover, in *Pree, supra*, this Court applied *Padway's* holding to a suit against a supervisory employee of a private company. *Id.* at 950. *But see Altman v. Stevens Fashion Fabrics*, 441 F.Supp. 1318, 1320 (N.D.Cal.1977). Under these decisions, no Title VII claim can be made against Sullivan and, therefore, plaintiff's first cause of action against him must be dismissed without leave to amend.

Having dismissed the Title VII claim against Sullivan, the Court must now determine whether the pendent state claims made against him may stand. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966), this Court has discretion to try pendent state claims with federal claims if they derive from a common nucleus of operative facts. But, as Justice Brennan's Opinion for the Court states, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claim should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139 (footnote omitted). In certain circumstances, however, it may be appropriate to hear the state claims. If, for example, the state claims could not be raised effectively in the state courts or if the federal case had progressed to a point where the plaintiff would be severely prejudiced by dismissal, then the court could exercise its discretion to decide the state claims.

In this case, however, no such circumstances exist. Although plaintiff may suffer the inconvenience of pursuing separate lawsuits, she does not claim that the state courts cannot provide her with an adequate remedy or that her claims would be time-barred. In fact, plaintiff has filed an action against Sullivan in the Nevada courts. Therefore, the pendent state claims against Sullivan will be dismissed.

IT IS, THEREFORE, HEREBY ORDERED that defendant Willard Sullivan's motion to dismiss the complaint as to him is GRANTED.