45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert GARNER, Plaintiff-Appellant,
v.
DEPARTMENT OF EDUCATION, STATE OF HAWAII; Charles T.
Toguchi; Thelma Nip; Libert O'Sullivan; Emiko
Sugino, John and Jane Does 1-3,
Defendants-Appellees.
 No. 93-17351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1994.*
Decided Dec. 23, 1994.
 
 Before: BROWNING, TROTT, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Garner's notice of appeal was timely. See Leader National Insurance Co. v. Industrial Indemnity Insurance Co., 19 F.3d 444, 445 (9th Cir.1994).
 
 II
 
 3
 Garner received due process. He was given notice of his impending termination and two opportunities to explain his side of the story to Superintendent Toguchi. He availed himself of both opportunities and was accompanied at both hearings by a union representative. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985).
 
 
 4
 Garner's claim that his First Amendment rights were violated fails as well. The Department stated legitimate reasons for its actions: Garner admits that he wrote a note to a fellow teacher calling him an "ass," and fails to specifically refute the contentions of another teacher and several students regarding his inappropriate and abusive behavior, see Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir.1986) ("party opposing a motion for summary judgment 'must set forth specific facts showing there is a genuine issue for trial.' ") (quoting Fed.R.Civ.P. 56(e)). It is clear from this evidence that the Department would have terminated Garner even if he had neither written his poem on the blackboard nor uttered his speech regarding the school bulletin. Garner thus failed to create a genuine issue regarding the requisite causal link between his termination and the speech for which he claims protection. See Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 285-87 (1977) (decision not to rehire employee not improper where "same decision would have been reached had the [speech] not occurred.").
 
 III
 
 5
 Garner has no claim under the Civil Rights Act of 1991. The actions on which he bases his claims--his leave and termination--occurred before November 21, 1991, the effective date of the Act. See Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 1519-20 (1994).
 
 IV
 
 6
 Garner's Sec. 1985 claims fail for lack of evidence that defendants conspired to discriminate against him. See Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir.1989).
 
 V
 
 7
 Garner's Title VII claims also fail for lack of evidence. The only evidence Garner offered to support his claim of race discrimination was Vice Principal O'Sullivan's alleged "haole" comment. O'Sullivan contests both the content and context of that comment, but even if Garner's version is taken as true, there is no evidence that O'Sullivan participated in the decision to place Garner on leave and then terminate him. All of the evidence indicates that those decisions were made either solely by Principal Nip or by Nip and Superintendent Toguchi. Furthermore, Garner admits he wrote the note calling his colleague an "ass," and fails to refute allegations that he behaved inappropriately. See supra Part II. Taking the evidence in the light most favorable to Garner, see White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990), no rational fact-finder could find he met his ultimate burden of proving he was the victim of intentional discrimination. See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747-48 (1993).
 
 
 8
 Similarly, although Garner made a prima facie case of retaliation, see Aguirre v. Chula Vista Sanitary Service and Sani-Tainer, Inc., 542 F.2d 779, 781 (9th Cir.1976), the defendants proffered "legitimate non-discriminatory reasons for the dismissal." Id. The ultimate burden remained with Garner to prove unlawful retaliation, see Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796-97 (9th Cir.1982), and because he presented no other evidence that would support such a finding this claim fails as well.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3