**Stephen A. NABOZNY, Plaintiff,**

v.

**NCS PEARSON, INC., Defendant.**

**No. CVS030390RLHRJJ.**

United States District Court,
D. Nevada.

July 7, 2003.

Nabozny, Stephen A., Las Vegas, NV, Pro se.

Bryan J. Cohen, Jody M. Florence, Kamer Zucker & Abbott, Las Vegas, NV, for Defendant.

## ORDER

(Motion to Dismiss-# 7)

HUNT, District Judge.

Before the Court is Defendant's **Motion to Dismiss** (# 7), filed June 9, 2003. The Court has also considered Plaintiff's Opposition (# 12), filed June 23, 2003, and Defendant's Reply (# 13), filed June 30, 2002.

## BACKGROUND

Plaintiff filed his Complaint on May 12, 2003, seeking redress against Defendant based on 42 U.S.C. § 1983; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.* ("ADEA"); and the Aviation and Transportation Security Act, 49 U.S.C. § 44935 ("ATSA").

On November 19, 2001, Congress enacted the ATSA, Pub.L. 107–71. Responding to concerns about airport security. Congress established the Transportation Security Administration ("TSA") within the Department of Transportation, and charged the Under Secretary of Transportation for Security with responsibility for ensuring proper security screening operations at the nation's commercial airports. 49 U.S.C.A. § 44901.[1] The ATSA also directed TSA to develop standards for the hiring and training of security screening personnel consistent with the legislative requirements outlined in the Act, such that within one year, or by November 19, 2002, TSA would be managing airport security at the nation's airports. 49 U.S.C.A. § 44935.

Potential security screeners, including both new applicants and individuals employed as contract airport screeners prior

---

1. Effective March 31, 2003, TSA became part of the Department of Homeland Security.

to the implementation of the ATSA ("incumbent screeners"), proceeded through a pre-established series of tests at assessment centers located across the country. Defendant, a private company, was contracted by TSA to administer the screening tests in accordance with the provisions of the ATSA.

Plaintiff was an incumbent screener at McCarren International Airport in Las Vegas, Nevada ("McCarren") from June 30, 2002, through September 16, 2002. He was employed by Wackenhut Services, Inc. Upon the federalization of screeners by TSA, Plaintiff sought employment with TSA. Defendant provided the security screening for McCarran and Plaintiff was not offered a federal position by TSA. Plaintiff now asserts that Defendant failed to hire him for discriminatory reasons.

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 26, 2003. The EEOC dismissed the Charge and issued a Right to Sue Letter on February 27, 2003, after determining there was "no employer/employee relationship" between the Plaintiff and Defendant. Plaintiff makes two claims against Defendant: (1) that Defendant discriminated against him in the hiring process on the basis of age, in violation of ADEA; and (2) that Defendant did not provide Plaintiff with a veterans preference in hiring, in violation of the ATSA.

## DISCUSSION

Neither claim is legally actionable. Plaintiff cannot hold Defendant liable for age discrimination because only an employer can be held liable under ADEA and ATSA does not afford an individual private cause of action to enforce its "veterans preference" provision.

## Motion to Dismiss Standard Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1999). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988).

## Age Discrimination in Employment Act

■ Plaintiff's claims fail under the ADEA. It states in relevant part:

> It shall be unlawful for an employer … to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623. Only an employer can be liable for unlawful employment discrimination. To state a claim under the ADEA against Defendant, Plaintiff must allege that Defendant served as Plaintiff's employer or prospective employer, within the meaning of the ADEA. *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202,

205, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997) (finding employer subject to Title VII only if it met the statutory definition of employer); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993) ("The schemes under Title VII and the ADEA are essentially the same...they both limit civil liability to the employer.").

■ While "agent" is included in the ADEA's definition of employer, *see* 29 U.S.C. § 630(b), the courts have held that the inclusion of this word does not mean that an "agent" can be held liable for employment discrimination. Its inclusion is to ensure that the employer principal could not escape liability for the action of the principal's agents. *See Miller*, 991 F.2d at 587 ("[t]he obvious purpose of this [agent] provision was to incorporate respondeat superior liability into the statute'"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.1994) (holding "any agent" language in ADEA is "an unremarkable expression of respondeat superior-that discriminatory personnel actions taken by an employer's agent may create liability for the employer" and ADEA liability is limited to the plaintiff's employer). Congress' intentions were not to hold an agent individually liable for employment discrimination. *See Miller*, 991 F.2d at 587; *Seib v. Elko Motor Inn, Inc.*, 648 F.Supp. 272, 274 (D.Nev.1986) (finding supervisor who committed discriminatory actions not individually liable); *Pree v. Stone & Webster Eng'g Corp.*, 607 F.Supp. 945, 950 (D.Nev.1985) (same); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir.1995) (refusing to hold agents individually liable for discrimination, stating that original discrimination remedies could only be awarded against employers).

■ Defendant performed only the testing procedure that TSA used in making its hiring determinations. The Complaint does not allege that Defendant was Plaintiff's employer or potential employer; therefore, the Plaintiff fails to state a claim upon which relief can be granted.

**The Veterans Preference Provisions of the ATSA**

■ Plaintiff's claims fail under the "preference" provisions of the ATSA. This section of the Act provides, in relevant part:

> The Under Secretary shall provide a preference for the hiring of an individual as a security screener if the individual is a member of the armed forces and if the individual is entitled, under statute, to retired, retirement, or retainer pay on account of service as a member of the armed forces.

49 U.S.C. § 44935(f)(2). The ATSA contains no language providing Plaintiff with a civil remedy to enforce § 44935(f)(2). As such, Plaintiff cannot, as a matter of law, bring an action against Defendant for violation of § 44935(f)(2).

*42 U.S.C. § 1983*

■ Plaintiff's claims fail under 42 U.S.C. § 1983 as he has failed to allege an independent substantive basis for this claim. The essence of 42 U.S.C. § 1983 is to authorize a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. Section 1983 only fulfills the procedural or remedial role of authorizing the assertion of a claim for relief; the statute does not itself create or establish substantive rights. Thus, "one cannot go into court and claim a 'violation of § 1983'—for § 1983 does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). The pleader must also allege an independent substantive basis for his claim, whether

grounded in a federal constitutional or statutory right. Plaintiff has failed to do so and therefore, cannot sustain a claim under Section 1983.

 Additionally, Plaintiff cannot rely upon his allegations of age discrimination or violations of the ATSA to sustain his Section 1983 claim as a matter of law. The ADEA provides a comprehensive statutory scheme to prohibit discrimination on the basis of age and preempts the entire field of age discrimination. *Morgan v. Humboldt County Sch. Dist.*, 623 F.Supp. 440, 443 (D.Nev.1985) (holding that the ADEA is the exclusive remedy for the right to be free of age discrimination); *see also Zombro v. Balt. City Police Dep't*, 868 F.2d 1364, 1366–1369 (4th Cir.1989) ("...the ADEA provides the exclusive judicial remedy for claims of age discrimination"). Therefore, to the extent that Plaintiff's Section 1983 claim asserts age discrimination, such a claim is preempted by the ADEA as a matter of law. *See Morgan*, 623 F.Supp. at 443 (explaining that the ADEA's "specific statutory schemes, ... would be thwarted if the Court were to allow a separate § 1983 action for the alleged age discrimination"). Finally, in as much as ATSA does not afford Plaintiff individual rights, Plaintiff cannot state a claim for violation of the ATSA under Section 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–285, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (explaining that "it is only violations of rights, which give rise to § 1983 actions" and holding that the analysis of whether a statute creates an individual right is the same analysis as determining whether a statute conferred a private right of action).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (# 7) is GRANTED.