Mary Lou YORK, Plaintiff-Appellant,

v.

TENNESSEE CRUSHED STONE ASSO-CIATION, Defendant-Appellee.

No. 81-5695.

United States Court of Appeals,
Sixth Circuit.

Argued June 22, 1982.
Decided July 28, 1982.

Charles R. Ray, Michael J. Passino, Barrett & Ray, Nashville, Tenn., for plaintiff-appellant.

N. Houston Parks, Columbia, Tenn., for defendant-appellee.

Before MERRITT, Circuit Judge, and WEICK and PHILLIPS, Senior Circuit Judges.

MERRITT, Circuit Judge.

This is an appeal from summary judgment entered against the plaintiff in an Age Discrimination in Employment Act case. 29 U.S.C. § 621 *et seq.* District Judge Wiseman held that the defendant was not an "employer" within the terms of the ADEA because it employed fewer than 20 employees. The plaintiff maintains that summary judgment was inappropriate because there was a material issue of fact whether the defendant trade association when viewed as an "integrated enterprise" had more than 20 employees or whether the defendant was an "agent" of an employer. The plaintiff also complains that she was denied discovery.

The plaintiff was employed by the defendant as a secretary for 11 years. The defendant is a trade association composed of 29 persons, firms or corporations engaged in the production or sale of crushed stone. The defendant association has only two employees: an executive director and the executive director's secretary. Mr. Clyde Cathey served as Executive Director of the association from 1969 until 1979. The plaintiff was hired by Mr. Cathey and served as his secretary throughout this time. In October 1979, Bradford Miller was hired as Executive Director. In July of 1980 he discharged the plaintiff, who was over 40 years of age, and allegedly replaced her with a younger woman for reasons that were not job related.

The defendant association is a Tennessee not-for-profit corporation whose purpose is generally to promote the interests of the crushed stone industry. The membership of the association is divided between active members, who are engaged in the crushed stone industry, and associate members who are not engaged in the industry. The majority of crushed stone producers in Tennessee are active members of this association and most of them employ more than 15 employees. The association is managed by the board of directors which elects the officers of the corporation and hires the executive director. The executive director has the authority to employ or terminate any other employee of the association. There has never been more than two employees of the association, the executive director and his secretary.

■ The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) any *agent* of such a person." 29 U.S.C. § 630(b) (emphasis added). The appellant argues that the defendant is an "agent" of the members of the association and, therefore, falls within the literal terms of the ADEA and alternatively that the association and its members constitute an integrated enterprise employing more than 20 individuals. The District Court rejected these arguments, holding that the number of employees was less than the jurisdictionally required statutory minimum and dismissed the complaint with prejudice.

There appears to be no ADEA case which discusses the meaning of "agent" within the Act; however, Title VII uses similar language in defining an employer for the purpose of race or sex discrimination, 42 U.S.C. § 2000e(b), and there is case law interpreting "agent" in that context. Generally, an agent of an employer who may be sued as an employer in Title VII suits has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by the employer. For example, the president of a college who acts as the agent of the board of trustees may be sued as an employer in an employment discrimination suit. *Goodman v. Board of Trustees*, 498 F.Supp. 1329, 1332 (N.D.Ill. 1980). Similarly, the superintendent of a school district, as agent of the district, *Kelly v. Richland School District*, 463 F.Supp. 216 (D.S.C.1978), and the manager of an Employment Security Commission office as the agent of the state commission, *Harbert v. Rapp*, 419 F.Supp. 6 (W.D.Okla.1976) may be sued as employers under Title VII. These cases simply stand for the proposition that Miller could be sued in his official capacity as executive director, i.e. agent, of the association, provided the association was the employer of 20 persons. These cases do not support the plaintiff's assertion that the association can be an agent of its active members and thereby regarded as an employer of 20 or more employees under the ADEA.

The plaintiff's second theory that the association and its members form an "integrated enterprise" which constitutes the employer is equally defective. This approach generally considers four factors to determine whether an integrated enterprise exists:

(1) Interrelation of operations, i.e. common offices, common record keeping, shared bank accounts and equipment.

(2) Common management, common directors and boards.

(3) Centralized control of labor relations and personnel.

(4) Common ownership and financial control.

*E.g. Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977); *Fike v. Gold Kist, Inc.*, 514 F.Supp. 722 (N.D.Ala.1981); *Carter v. Shop Rite Foods, Inc.*, 470 F.Supp. 1150, 1160 (N.D.Tex.1979); *Marshall v. Arlene Knitwear, Inc.*, 454 F.Supp. 715, 719 (E.D.N.Y.1978), *aff'd in part, reversed in part and remanded*, 608 F.2d 1369 (2d Cir. 1979); *Williams v. New Orleans Steamship Assn.*, 341 F.Supp. 613, 615 (E.D.La.1972).

It is obvious that the four factors found in an integrated enterprise are not found here and that the association cannot properly be considered an integrated enterprise with its member companies. The defendant association is a separate legal entity, a nonprofit corporation with its own board of directors and officers. The members of the association are separately organized and managed and presumably competitors one with another. There is no centralized control of labor relations by the trade association and its member companies as was the case in *United States v. Local 638*, 360 F.Supp. 979 (S.D.N.Y.1973), *remanded sub nom on other grounds, Rios v. Enterprise Assn.*, 501 F.2d 622 (2d Cir. 1974) (trade association was unified collective bargaining agent and established uniform working conditions); *Williams v. New Orleans Steamship Assn.*, 341 F.Supp. 613 (E.D.La. 1972) (trade association established uniform

employment practices and operated a hiring hall for all members). The fact that financial support for the association is provided collectively by the separate member companies does not indicate common ownership and control. The situation is analogous to the relationship between a parent and wholly-owned subsidiary corporation. Although there may be occasions in which it is proper to disregard the corporate entity for the purpose of finding the jurisdictionally required number of employees in a Title VII or ADEA suit, *see, e.g. Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977); *Marshall v. Arlene Knitwear, Inc.*, 454 F.Supp. 715 (E.D.N.Y.1978), this is not such a case. There are no grounds upon which it may be said that the defendant association is a "sham" and, therefore, should be disregarded. *Hassell v. Harmon Foods, Inc.*, 336 F.Supp. 432 (W.D.Tenn. 1971) *aff'd* 454 F.2d 199 (6th Cir. 1972).

Finally, we hold that the District Court did not abuse its discretion by denying the plaintiff's motion to conduct further discovery under Rule 56(f) of the Federal Rules of Civil Procedure. The District Judge on May 11, 1981, established a discovery schedule which required the completion of discovery by July 31, 1981, except by an order of the court upon a showing of good cause. Prior to the expiration of this deadline depositions were taken of Mr. Miller, the Executive Director of the association, Mr. Cathey, the former Executive Director, Mr. Jenkins, the President of the association, and of the plaintiff, Ms. York. Moreover, the charter and bylaws of the association are included in the record. The plaintiff had ample opportunity to discover evidence concerning her agency and integrated enterprise theories, and there is no evidence of good cause for further extending discovery.

Accordingly, the judgment of the District Court is affirmed.