**Joyce CROWDER, Plaintiff,**

v.

**FIELDCREST MILLS, INC. and The Equitable Life Assurance Society of the United States, Defendants.**

**No. C–82–855–G.**

United States District Court,
M.D. North Carolina.

Aug. 31, 1983.

Melinda Lawrence and Jonathan R. Harkavy of Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., for plaintiff.

W. Andrew Copenhaver and M. Ann Anderson, of Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., James K. Phillips, Asst. Gen. Counsel, Fieldcrest Mills, Inc., Eden, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

### HIRAM H. WARD, Chief Judge.

This matter came before the Court on defendant Equitable Life Assurance Society of the United States' Motion to Dismiss (November 16, 1982) plaintiff's claim against it on the ground that it is not an "employer" within the meaning of the Equal Pay Act, 29 U.S.C. § 203(d), Title VII, 42 U.S.C. § 2000e(b), or the North Carolina Wage and Hour Act, N.C.Gen.Stat. § 95–25.2(5). The parties presented oral arguments on August 26, 1983. Equitable contends that the Court lacks subject matter jurisdiction and that plaintiff failed to state a claim upon which relief can be granted in her Complaint (August 16, 1982). Fed.R.Civ.P. 12(b)(1)&(6). In her Complaint plaintiff alleged that she has been an employee of defendant Fieldcrest Mills, Inc., from May, 1977, to the present. She alleged that Fieldcrest is an "employer" within the meaning of Title VII and the Equal Pay Act. Next, she alleged that Equitable is "an employer or agent of an employer" within the meaning of Title VII and that it is an "employer" within the meaning of the Equal Pay Act since it is an enterprise engaged in interstate commerce with respect to the marketing of health insurance.

This case is similar to the recent Supreme Court case of *Arizona Governing Committee for Tax Deferred Annuity and Deferred Compensation Plans v. Norris,* —— U.S. ——, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) wherein the Supreme Court held that an employer violates Title VII where it offers "its employees the option of receiving retirement benefits from one of several companies selected by [it], all of which pay a woman lower monthly retirement benefits than a man who has made the same contributions...." —— U.S. at ——, 103 S.Ct. at 3492. Here, plaintiff alleged that Fieldcrest provided employees group health insurance as a fringe benefit, that employees could obtain coverage for dependents which would be paid for in part by employee contributions, and that coverage for dependents of male employees is primary coverage while coverage for dependents of female employees is secondary coverage.[1]

Equitable submitted the Affidavit of E. Raven Ellis (November 16, 1982), Fieldcrest's Manager of Employee Benefits and Personnel Information Systems. Ellis testified that Fieldcrest contracted with Equitable to provide Fieldcrest with a group insurance program, that Equitable's only contact with Fieldcrest employees is through the insurance program, that Fieldcrest receives and processes all employee insurance claims, maintains all files on claims, and makes the decisions about payment of claims, that payments on claims are made entirely out of employee and Fieldcrest contributions with no Equitable money involved, and, finally, that Equitable's role in administering the programs "consists essentially of providing model insurance plan language and advice when requested by Fieldcrest." He

---

1. She alleged that Equitable has refused to pay for certain medical bills until she reimburses Equitable for payments it made on bills that her dependent's other medical insurance should have paid.

specifically testified that Equitable makes no employment decisions for Fieldcrest.

 Plaintiff filed no counteraffidavit, but stated conclusively in her brief that Equitable "does ... exercise extensive control over the particular item of compensation in question." Response to Motion to Dismiss at 3 (January 10, 1983). When a party files a motion to dismiss for lack of subject matter jurisdiction, it may support its motion with affidavits such as Equitable did here. When a defendant challenges alleged jurisdictional facts, then it is incumbent upon the plaintiff to support them by competent proof.[2] *Fike v. Gold Kist, Inc.,* 514 F.Supp. 722, 725 (N.D.Ala.), *aff'd,* 664 F.2d 295 (11th Cir.1981) (table case); *Bonomo v. National Duckpin Bowling Congress, Inc.,* 469 F.Supp. 467 (D.Md.1979); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 at 555 (1969).

Section 2000e(b) of Title 42 provides as follows: "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day ..., and any agent of such a person ...." Title VII provides that discrimination by an "employer" against any individual in the terms and conditions of employment is an unfair employment practice. 42 U.S.C. § 2000e–2(a)(1). For purposes of the Equal Pay Act, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee ...." 29 U.S.C. § 203(d). The definition utilized by the North Carolina Wage and Hour Act at N.C.Gen.Stat. § 95–25.2(5) is identical to the Equal Pay Act language just quoted. In construing this definition, the Court should keep in mind the remedial purposes of Title VII and the Equal Pay Act. *Trevino v. Celanese Corp.,* 701 F.2d 397, 403 (5th Cir.1983); *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983); *Hague v. Spencer Turbine Co.,*

28 FEP Cases 450, 451–52 (M.D.N.C.1982). Under either statute, determining whether Equitable is an "employer" is not accomplished by mere reference to labels or common law concepts of employer-employee relationships. *Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338, 1342 (D.C.Cir.1973); *Donovan v. Sabine Irrigation Co.,* 695 F.2d at 194; *Bonomo v. National Duckpin Bowling Congress, Inc.,* 469 F.Supp. 467.

 The evidence before the Court plainly shows that Equitable is not an "employer" under the statutes in question here. It exercises no control or authority over plaintiff or any other Fieldcrest employees. Rather, it serves Fieldcrest in an advisory capacity by assisting Fieldcrest in the operation of Fieldcrest's health insurance program. It has no authority over an employee's eligibility for insurance coverage or payment on a claim. Fieldcrest, not Equitable, controls the insurance program. This absence of any significant control over the insurance program, a fringe benefit which Fieldcrest extends to its employees, serves to defeat plaintiff's allegation that Equitable is an "employer." *Fike v. Gold Kist, Inc.,* 514 F.Supp. 722; *Bonomo v. National Duckpin Bowling Congress, Inc.,* 469 F.Supp. 467. If a person in an advisory position with no control over the advisee's conduct is an "employer," then an attorney who provides advice in employment matters to employer-clients could be an "employer" also. The statutes in question here are not so broad. The evidence shows that the economic reality of the relationship between Equitable and the plaintiff is not that of employer-employee. *See Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1469–70 (9th Cir.1983) (Fair Labor Standards Act case; factors showing economic realities of the work relationship include the power to fire, the control of conditions of employment, the authority to determine pay rates, and the maintenance

---

**2.** If a decision on the jurisdictional question necessarily would involve a ruling on the merits, the decision should await a determination of the merits. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350 at 558 (1969).

The jurisdictional issue raised by Equitable does not involve a ruling on the merits. There is no reason to postpone deciding the issue until trial.

of employment records); *Hodgson v. Griffin and Brand of McAllen, Inc.,* 471 F.2d 235, 237 (5th Cir.), *cert. denied,* 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973) (factors showing employer-employee relationship in Fair Labor Standards Act case).

Plaintiff relies most heavily upon *Spirt v. Teachers Insurance and Annuity Association,* 475 F.Supp. 1298 (S.D.N.Y.1979), *aff'd in part and rev'd in part,* 691 F.2d 1054 (2d Cir.1982), *judgment vacated,* —— U.S. ——, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983) (judgment vacated for further consideration in light of *Norris* mentioned above), a Title VII case. *Spirt* provides no support for plaintiff's contention that the relationship between Fieldcrest and Equitable serves to make the latter an agent of Fieldcrest with significant control over employment. Rather, it is authority contrary to plaintiff's contention. The district court noted in *Spirt* that the university, a co-defendant of the co-defendant annuity associations, had delegated its *responsibility for control over* employee annuity plans which had a discriminatory effect on female employees of the university to the associations. This delegation of authority functionally resulted in the associations having control of an aspect of the terms and conditions of employment. Thus, the associations' function was that of the employees' "employer." If persons or organizations in the associations' position were not "employers," then the purposes of Title VII or the Equal Pay Act could be frustrated by employers delegating to such parties authority over terms and conditions of employment. *City of Los Angeles v. Manhart,* 435 U.S. 702, 718 n. 33, 98 S.Ct. 1370, 1380, n. 33, 55 L.Ed.2d 657, 671 n. 33 (1978). In the absence of delegated authority to make employment decisions, Equitable's role is not that of an "agent" of an employer. *York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 362 (6th Cir.1982).

Unlike the annuity associations in *Spirt,* Equitable possesses no authority or control by virtue of its dealings with Fieldcrest over the running of the Fieldcrest group insurance program, although its advice and assistance to Fieldcrest might influence whatever decisions Fieldcrest makes about the program. *Cf. Robinson v. Lorillard Corp.,* 444 F.2d 791, 799 (4th Cir.), *cert. dismissed,* 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 665 (1971) (union's role in negotiating collective bargaining agreement is sufficient to render it liable for discriminatory provisions therein). The district court in *Spirt* acknowledged that in most cases the pension plans of private insurers will not be subject to Title VII since the insurer is not an "employer." 475 F.Supp. at 1298. The Second Circuit agreed with the district court that the annuity associations "must be deemed an 'employer' for purposes of Title VII," 691 F.2d at 1063, because the association was closely intertwined with the university as a result of the delegation to it of authority over and the responsibility with respect to retirement benefits.[3] *See EEOC v. Wooster Brush Co.,* 523 F.Supp. 1256 (N.D.Ohio 1981) (employee association providing disability benefits is an "employer" under Title VII).

The state courts have not construed N.C. Gen.Stat. § 95–25.2(5). Inasmuch as Equitable is not an "employer" for purposes of the Equal Pay Act which has essentially the same definition for "employer" as the state statute and as both statutes have parallel purposes, Equitable is not an "employer" under the state statute. In any event, dismissal of this remaining claim is appropriate because it is a pendent claim.

■ Plaintiff also contends that Equitable should remain in the case pursuant to

---

**3.** No insurance company was a defendant in the *Norris* case, although in that case the petitioners had "selected the companies that were permitted to participate in the plan ... and entered into contracts with them governing the terms on which benefits were to be provided to employees." 51 U.S.L.W. at 5247, —— U.S. at ——, 103 S.Ct. at 3501. Based on these facts,

the Supreme Court held that the petitioners were legally responsible for the discriminatory terms in the annuities offered by the companies. Fieldcrest does not dispute its responsibility for the health insurance program. Moreover, the facts in *Norris* come far closer to those in *Spirt* than those here.

Fed.R.Civ.P. 19(a) because it is a necessary party to complete relief. Equitable is not a necessary party to this action since it has no authority or control over the operation of the health insurance program. Fieldcrest has completely controlled the payment of benefits. No funds have come from Equitable. Plaintiff can receive complete monetary relief from Fieldcrest if the company is liable. Similarly, since Fieldcrest runs the health insurance program, complete injunctive relief is available to plaintiff without Equitable's presence in the case. If the insurance program provision is faulty as alleged, then Fieldcrest must provide the contested benefit in a non-discriminatory manner "or not provide it at all." *Norris,* —— U.S. at ——, 103 S.Ct. at 3501.

IT IS, THEREFORE, ORDERED that defendant Equitable's motion to dismiss itself as a party to this action be, and the same hereby is, GRANTED, and Equitable is hereby DISMISSED as a defendant in this action.