**Janice Diane BARGER, Plaintiff,**

v.

**STATE OF KANSAS; Emporia State University; Dr. John E. Visser; Stephen F. Davis; Richard F. Ishler; and Kala M. Stroup, Defendants.**

**Civ. A. No. 85–4006.**

United States District Court, D. Kansas.

Dec. 30, 1985.

Kenneth F. Crockett, Tilton, Dillon, Beck & Crockett, Topeka, Kan., for plaintiff.

Karen A. Nichols, Asst. Atty. Gen., Topeka, Kan., Robert D. Benham, McAnany,

---

Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the individual defendants' motion to reconsider our denial of summary judgment on plaintiff's Title VII claims against the defendants in both their official and individual capacities. After reviewing our decision and the issues raised by defendants for the first time in this motion to reconsider, the court shall reconsider its ruling.

Plaintiff brought this action against Emporia State University and the individual defendants under 42 U.S.C. §§ 1983 and 1985, and Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff was employed at Emporia State University as a temporary lecturer in the Department of Psychology. The individual defendants were employees of Emporia State University in the following capacities: defendant Dr. John Visser was President of Emporia State University; defendant Dr. Kala Stroup was Vice President for Academic Affairs; defendant Dr. Richard Ishler was Dean of the School of Education; and defendant Dr. Stephen Davis was and is presently the Chairperson of the Psychology Department.

The individual defendants moved for summary judgment on all claims against them in their official capacities based on Eleventh Amendment immunity. They also moved for summary judgment on all claims against them in their individual capacities based on provisions in the Kansas Tort Claims Act at K.S.A. 75–6116, which require the state to pay any judgment against a state employee held liable in his individual capacity for violation of civil rights laws. Because the state would be required to pay the judgment, defendants argued that an award against them in their individual capacities was also barred by the Eleventh Amendment.

In our Memorandum and Order of November 4, 1985, 620 F.Supp. 1432, we held that Eleventh Amendment immunity did not bar suit under Title VII against the state or its officials in their official capacity. We also held that the provisions in the Kansas Tort Claims Act for the payment of judgments against defendants in their personal capacities did not implicate the Eleventh Amendment. Thus, summary judgment was not appropriate on plaintiff's Title VII claims.

The individual defendants raise two new arguments in support of their motion: (1) that the defendant Emporia State University was plaintiff's only employer, and thus is the only party liable for back pay under Title VII; and (2) that public officials are not liable for back pay awards under Title VII.

We must disagree with defendants' first argument. It is true that Title VII applies only to an aggrieved individual's "employer." Title VII provides that "[i]t shall be an unlawful employment practice for *an employer*—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual...." 42 U.S.C. § 2000e–2(a)(1) (emphasis added). The Act defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees ... and *any agent of such a person.*" *Id.* at § 2000e(b) (emphasis added). "Person", in turn, is defined to include "governments, governmental agencies, [and] political subdivisions." *Id.* at § 2000e(a).

This explicit language compels the conclusion that the individual defendants may be liable under Title VII if we find they are agents of Emporia State University. Nowhere in Title VII is the term "agent" defined. The Tenth Circuit has had occasion to interpret the term "agent" as used in Title VII in only one case. In *Owens v. Rush,* 636 F.2d 283, 287 (10th Cir.1980), the court held that for purposes of Title VII, an elected county sheriff was an agent of the county "for all matters properly committed to his discretion—including the hiring and firing of employees." Thus, the sheriff was an "employer" and liable under Title VII.

Most courts have construed the term "agent" to include supervisory or managerial employees to whom some employment decisions have been delegated by the employer. *See, e.g., York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 362 (6th Cir.1982); *McAdoo v. Toll,* 591 F.Supp. 1399, 1405 (D.Md.1984); *Jeter v. Boswell,* 554 F.Supp. 946, 952–53 (N.D.W. Va.1983); *Jones v. Metropolitan Denver Sewage Disposal District No. 1,* 537 F.Supp. 966, 970 (D.Colo.1982). For example, a Vice Chancellor for Academic Affairs may be sued as an agent of the employer University. *McAdoo,* 591 F.Supp. at 1406. Similarly, the superintendent of a school district, as an agent of the district, *Kelly v. Richland School District,* 463 F.Supp. 216, 218 (D.S.C.1978), and the manager of an Employment Security Commission office, as an agent of the Commission, *Harbert v. Rapp,* 419 F.Supp. 6, 7 (W.D.Okla.1976), may be sued under Title VII..

Furthermore, courts have held that it is irrelevant whether the defendant may technically be described as an "employer" as that term has been defined at common law. *See, e.g., Spirt v. Teachers Insurance & Annuity Association,* 691 F.2d 1054, 1063 (2d Cir.1982), *vacated on other grounds,* 463 U.S. 1223, 103 S.Ct. 3566, 77 L.Ed.2d 1406 (1983); *York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 362 (6th Cir.1982); *United States v. City of Yonkers,* 592 F.Supp. 570, 590 (S.D.N.Y.1984). Thus, defendants in this case cannot successfully argue that, because under the common law, Emporia State University is considered plaintiff's sole employer, defendants may not also be considered her employers under Title VII.

This expansive interpretation is in accord with the Tenth Circuit's construction that "liberal construction is ... to be given to the definition of 'employer.'" *Owens v. Rush,* 636 F.2d 283, 287 (10th Cir.1980), (quoting *Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 391 (8th Cir.1977)). Title VII must be liberally construed to effectuate its policies. *Id.*

Looking at the record in the light most favorable to plaintiff, we find that there are genuine issues of fact concerning whether the defendants were managerial employees to whom some employment decisions were delegated by the University. Thus, for purposes of this summary judgment motion, defendants must be considered agents of the University and plaintiff's "employers" as defined under Title VII.

■ Defendants argue that, even if they are deemed agents of the University and thus "employers" under Title VII, they are nevertheless not liable, because public officials are not liable for back pay awards under Title VII. We must partially disagree with defendants' argument. After reviewing the statutory and case law, we conclude that public officials may be held liable for back pay under Title VII only in their official capacities and not in their individual capacities.

Title VII provides that if the court finds that the defendant has intentionally engaged in unlawful conduct, the following relief is available:

> [T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay (*payable by the employer,* employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice).

42 U.S.C. § 2000e–5(g) (emphasis added).

This section specifically states that back pay may be awarded against the "employer." We have already held that, for purposes of this summary judgment motion, defendants, as agents of Emporia State University, are to be considered plaintiff's employers under Title VII.

Defendants rely on *Dobrec v. Robinson,* No. 79–1671 (D.Kan., *unpublished,* June 4, 1984) (Rogers, J.), in asserting that they are not liable for back pay under Title VII. We believe that defendants' reliance on *Dobrec* is misplaced. In that case Judge Rog-

ers held that "Title VII does not provide any authority to hold public officials individually liable for back pay awards." *Id.* at 3 (citing *Padway v. Palches,* 665 F.2d 965, 968 (9th Cir.1982); *Clanton v. Orleans Parish School Board,* 649 F.2d 1084, 1099 (5th Cir.1981) ). *Dobrec* merely stands for the proposition that public officials are not *personally* liable for back pay awards in their *individual* capacity. It does not hold that public officials are not liable in their *official* capacity. A review of the *Clanton* case cited in *Dobrec* reveals that it also stands only for the proposition that public officials are not *personally* liable for back pay awards.

The *Padway* case, cited by *Dobrec,* however, does hold that public officials are not liable in either their official or individual capacities. We are not persuaded, however, by the arguments made in *Padway.* In that case the court stated:

We note that 42 U.S.C. Sec. 2000e–2 speaks of unlawful practices by the employer and not of unlawful practices by officers or employees of the employer. *Back pay awards are to be paid by the employer.* 42 U.S.C. Sec. 2000e–5(g). The individual defendants cannot be held liable for back pay.

*Id.* at 968 (emphasis in original).

We believe that this conclusion is clearly erroneous in light of the definition of employer in section 2000e(b). The term "employer" is defined in that section "[f]or the purposes of this Title—." 42 U.S.C. § 2000e. It does not define "employer" in different ways for different purposes or for different sections, but for the *entire* Title VII. Thus, when Congress enacted section 2000e–5(g) providing that back pay be payable by the employer, it intended that payment be made by a person engaged in an industry affecting commerce who has fifteen or more employees or *"any agent of such a person"* as set forth in section 2000e(b). Given the plain language of the Act, we are compelled to reject the Ninth Circuit's interpretation that individual defendants are never liable for back pay. To hold otherwise "would encourage supervi-

sory employees to violate Title VII with impunity." *Jeter v. Boswell,* 554 F.Supp. 946, 952 n. 20 (N.D.W.Va.1983).

We are also convinced that the *Padway* decision is incorrect in light of the Supreme Court decision *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1975), in which the Court held that the Eleventh Amendment did not bar a back pay award against the state or state officials. Although the issue of whether the individual state officials were "employers" within the meaning of Title VII and therefore liable for back pay, was never addressed, the decision nevertheless makes it clear that state officials may be held liable for back pay in their *official* capacities.

*Fitzpatrick* did not, however, discuss whether the state officials could also be held liable for back pay in their *individual* capacities. The few cases addressing this issue are not consistent. Some courts have held that the individual/official capacity dichotomy is irrelevant. *See Kelly v. Richland School District,* 463 F.Supp. 216, 218 (D.S.C.1978); *Hanshaw v. Delaware,* 405 F.Supp. 292, 296 (D.Del.1975). In *Hanshaw* the court stated:

Whether such [conduct] took place as a private person or as an officer is of no import here. Title VII actions do not contain the "under color of state law" problems associated with section 1983 actions. If the person against whom the complaint is filed is within the definition of "employer," his "capacity" during the alleged discriminatory events is irrelevant, so long as the alleged discrimination relates to employment.

405 F.Supp. at 296 n. 10.

Other courts have held that state officials are liable for back pay only in their official capacities and not in their individual or personal capacities. *See York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 362 (6th Cir.1982); *Rolfe v. State of Arizona,* 578 F.Supp. 1467, 1472 (D.Ariz. 1983). *See also* C. Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts* at A–7 (Federal Judicial Center

Rev.Ed.1984) ("[I]n actions against state and local government officials, Title VII actions can only be maintained against [individual defendants] in their official capacities.") Other courts have simply held that public officials are not personally liable for back pay in their individual capacities, without addressing the issue of whether they are liable in their official capacities. *See Clanton v. Orleans Parish School Board,* 649 F.2d 1084, 1099 (5th Cir.1981); *Dobrec v. Robinson,* No. 79–1671 (D.Kan., *unpublished,* June 4, 1984) (Rogers, J.).

 We believe the more sound view is that public officials may be held liable for back pay under Title VII only in their official capacities and not in their individual capacities.[1] Only when the official is working in his official capacity can he be said to be an "agent" of the government or governmental agency, and therefore an "employer" within the meaning of 42 U.S.C. § 2000e(b). Furthermore, we note that it is highly unlikely that application of this rule would ever preclude plaintiff from receiving a back pay award. Plaintiff would always be able to recover back pay from the state agency itself or the state official in his official capacity. In either event, the aggrieved employee would be restored to the position in which he would have been had it not been for the unlawful discrimination, in accordance with congressional intent to make the victim whole. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975) (quoting 118 Cong.Rec. 7168 (1972)).

The court notes that all but one of the individual defendants in this case have left the employ of Emporia State University. Those defendants that are no longer employed with the University may not argue that they are no longer liable for back pay since they are no longer employed by the University. Defendants' liability attached when they committed the alleged discriminatory acts. To hold otherwise would allow a state official or supervisory employee to escape liability for his actions by simply resigning his position.

In light of the foregoing, we conclude that the individual defendants were plaintiff's employers within the meaning of Title VII and may be held liable for back pay in their official capacities. Defendants, however, may not be held liable for back pay in their individual capacities.

IT IS THEREFORE ORDERED that defendants' motion to reconsider our denial of summary judgment on plaintiff's Title VII claims is granted in part. Summary judgment shall be entered against plaintiff's Title VII claims against the individual defendants in their individual capacities.

---

1. We note that this holding will not preclude plaintiff from receiving back pay on Eleventh Amendment immunity grounds. Normally, the Eleventh Amendment bars monetary awards against state officials in their official capacity. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Eleventh Amendment immunity, however, does not apply in Title VII actions. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).