**Tamara M. MASON, Plaintiff,**

v.

**The TWENTY–SIXTH JUDICIAL DISTRICT OF KANSAS, COURT SERVICES DIVISION, et al., Defendants.**

**Civ. A. No. 86–2103–S.**

United States District Court,
D. Kansas.

April 8, 1987.

On Motion for Reconsideration
June 26, 1987.

Elizabeth Phelps, John R. Balhuizen, Fred W. Phelps, Jr., Phelps—Chartered, Fred W. Phelps, Topeka, Kan., for plaintiff.

Robert T. Stephan, Atty. Gen., Carl A. Gallagher, Asst. Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on various motions by the defendants and the plaintiff. Defendant Duckworth has filed a motion to dismiss and/or for summary judgment. Defendant Duckworth has also filed a motion to amend his answer to include judicial immunity as an affirmative defense. Defendants Bunnell and Arheart have also filed a motion to dismiss and/or for summary judgment. Defendant Twenty-Sixth Judicial District of Kansas [Twenty-Sixth Judicial District] has filed a motion to dismiss and for summary judgment on the grounds of insufficiency of service of process and Eleventh Amendment immunity. The plaintiff brought this action for discriminatory treatment and termination in violation of Title VII, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. The court finds it needs no further discovery material to render a decision. Plaintiff's motion to require defendants to file the entire discovery record is denied. The decision in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1968) does not impose such a duty on a defendant.

The court will first address defendant Duckworth's motion to amend his answer to include judicial immunity as an affirmative defense. In support of his motion, defendant states to this court that he did not have a good faith basis for asserting this defense until the decision in *Forrester v. White*, 792 F.2d 647 (7th Cir.1986) was rendered, after he had filed his original answer. In response to defendant Duckworth's motion, plaintiff claims that judicial immunity is an affirmative defense which must be pled or it is waived. Plaintiff argues that defendant Duckworth has waived this defense and should not be allowed to raise this issue at this time. The plaintiff also raises an argument as to the merits of defendant Duckworth's claim.

It is well settled that Rule 15(a) of the Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires," and the United States Supreme Court has warned that "this mandate is to be heeded." *Fo-*

man v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In ruling on a motion to amend, the court is guided by such factors as bad faith, unexplained delay, prejudice to the opposing party, and futility of such amendment. The court finds that none of these factors are present in this case. The court is cognizant of the fact of the tenuous state of the law regarding judicial immunity as it relates to the termination of employees. It is also recognized that there is a split among circuits and district courts on the applicability of judicial immunity when it involves the termination of an employee. The court therefore finds that defendant Duckworth's motion to amend his answer to include judicial immunity as an affirmative defense should be granted. Defendant Duckworth has also filed a motion to strike plaintiff's supplement to brief on dispositive motions as immaterial and impertinent. The court finds that Duckworth's motion to strike plaintiff's supplement should be denied as plaintiff's supplement contains pertinent information.

The court will next address defendant Keaton Duckworth's motion to dismiss or for summary judgment pursuant to Federal Rule 12(b)(6). The court will consider it under the summary judgment standard, as it considered facts outside of the pleadings. Defendant Duckworth contends that plaintiff's claims against him are barred by judicial immunity. Plaintiff was employed as a Court Services Officer in the Twenty-Sixth Judicial District. Judge Duckworth, as the Administrative Judge, was the appointing officer by statute. K.S.A. § 20–345.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). The motion raises matters beyond the pleadings and will therefore be treated as one for summary judgment. Federal Rule of Civil Procedure 12(b). The court therefore finds that defendant Duckworth's motion for summary judgment should be granted.

Defendant claims that he was acting within his judicial capacity in his termination of the plaintiff, and therefore, all claims against him based on plaintiff's termination are barred. Plaintiff claims that Duckworth was acting strictly in his capacity as Personnel Supervisor and thus is not clothed with judicial immunity.

As the court stated earlier, it recognizes this area involves an unsettled issue of law. After reviewing the record in light of the case law addressing this issue, the court finds that defendant Duckworth's motion to dismiss plaintiff's claims against him should be granted. In so ruling, the court finds as controlling the decision in *Bryant v. O'Connor*, 671 F.Supp. 1279 (D.Kan.1986). In *Bryant,* an action for damages and injunctive relief was brought by a former probation officer against the Honorable Earl O'Connor, Chief Judge of the District, and Perry D. Mathis, Chief Probation Officer for the District of Kansas.

In that action, Bryant alleged that the defendants terminated his employment and denied him equal employment opportunities because he was back. He also alleged violations of his First and Fifth Amendment rights, and a violation of 42 U.S.C. § 1981. Bryant also brought a retaliation claim and a claim for conspiracy under 42 U.S.C. § 1985. Plaintiff later asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

In resolving the issue of judicial immunity in *Bryant,* the district court produced an in-depth analysis of the law. The first question that the court found should be asked is whether the judge acted within his jurisdiction. Slip op. at 9 (citing *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978)). The general concern is whether the judge acted within the scope of his authority. *Id.* (citing *Forrester v. White,* 792 F.2d 647, 655–56 (7th Cir.1986)). The court recognized that a judge's jurisdiction extends to matters outside the courtroom. *Id.* (citing *Rheuark v. Shaw,* 628 F.2d 297, 304–05 (5th Cir.1980), *cert. denied,* 405 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981)).

Accordingly, this court will first determine whether defendant Duckworth was authorized to terminate the plaintiff in this case. It is clear that Judge Duckworth was authorized to terminate the plaintiff. K.S.A. § 20–345 (Cumm.Supp.1986) provides that the administrative judge of each judicial district, with the approval of a majority of the other district judges, shall appoint court services officers as necessary to perform the judicial and administrative functions of the district court. Whenever that person is employed or assigned to work under direct supervision of any judge or in a division of court in which the judge presides, the employment or assignment of the person shall be subject to the approval of that judge. *Id. See also* Rule 2.3 of the Rules Relating to the Kansas Court Personnel System Issued by the Supreme Court of Kansas. Thus, plaintiff's termination was an act which was normally and necessarily performed by Judge Duckworth. The court therefore finds that the discharge of the plaintiff was within the scope of Administrative Judge Duckworth's authority.

The next question which must be addressed is whether the dismissal was a judicial act. An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his official capacity. *Bryant v. O'Connor,* slip op. at 10 (citing *Stump v. Sparkman,* 435 U.S. at 362, 98 S.Ct. at 1108); *Martinez v. Winner,* 771 F.2d at 434. The court recognizes in resolving this issue that the courts are sharply divided on the parameters of acts which fall within a judge's judicial capacity. The decisions in *Bryant* and *Forrester v. White,* 792 F.2d 647, 651–55 (7th Cir.1986), provide an extensive discussion and comparison of split of case law on this issue. The *Forrester* decision notes that it is the nature of the act committed, not the identity of the actor, which determines whether immunity applies. *Id.* at 652. Rather than reiterate the discussion in these two cases, the court finds that based on the decisions in *Bryant* and *Forrester,* judicial immunity should be extended to the act of Judge Duckworth in terminating the plaintiff.

As in the *Bryant* case, the plaintiff was, as Court Services Officer I, responsible for preparing pre-sentence investigation reports, domestic relations reports, transfers of supervision involving arrests of persons who have violated probation, and maintaining records of contacts with clients. The position also involved communication and interaction with clients within the court's jurisdiction. In so acting, the plaintiff, as a Court Services Officer I, dealt with Judge Duckworth in his judicial capacity. As stated in the *Bryant* case, there are two unifying criteria which emerge from the decisions in this area. They include: (1) whether immunity will protect the integrity of the judicial process, and (2) whether the employee's duties are intimately related to the functioning of the judicial process. Slip op. at 12 (citing *Forrester v. White,* 792 F.2d at 654–55). Under these criteria, the court finds that the functions performed by the Court Services Officer I are

integral to the court's discretionary decisions. The Court Services Officer I is responsible for providing information crucial to the court's sentencing and probation decisions. A Court Services Officer also acts as a liaison between Judge Duckworth and the persons within the court's jurisdiction. As the court finds that the termination of the plaintiff is so directly related to the process of adjudication, Judge Duckworth is, under the facts of this case, entitled to the defense of judicial immunity.

The court will next address defendants Bunnell and Arheart's motion to dismiss and/or for summary judgment. These defendants contend that they are not agents within the definition of Title VII. They also argue that they did not participate in any decision to terminate plaintiff's employment. They further contend that Title VII is the exclusive remedy available to the plaintiff, and also contend that the complaint fails to make sufficient allegations of conspiracy to support a claim under section 1985.

Defendants claim that they are not agents for purposes of a Title VII action because no employment decisions had been delegated to them by their employer. In response, plaintiff claims that these defendants did participate in plaintiff's termination. Plaintiff further claims that even assuming that these defendants did not participate in plaintiff's termination, the evidence shows that many acts of racial discrimination which occurred in relation to the plaintiff were a result of these defendants' actions. The alleged actions include unfair work assignments, racial language, unfair evaluations, and other discriminatory treatment in her employment.

■ The court finds that the individual defendants Bunnell and Arheart can be considered agents and thus, employers under Title VII. In *Barger v. State of Kansas*, 630 F.Supp. 88, 89–90 (D.Kan.1985), this court construed the term "agent" to include supervisory or managerial employees to whom some employment decisions had been delegated by the employer. The court noted that nowhere in Title VII is the term agent defined. *Id.* at 89. The court

found that the Tenth Circuit has applied a liberal construction in determining who falls within the definition of employer. *Id.* at 90 (quoting *Owens v. Rush*, 636 F.2d 283, 287 (10th Cir.1980) (quoting *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (8th Cir.1977))). It is clear from the record that Bunnell and Arheart were in supervisory positions over plaintiff. Bunnell was the Chief Court Services Officer and Arheart was the Deputy Chief Court Services Officer. Bunnell's own testimony establishes that she was responsible for making evaluations of the plaintiff's work and also assigning projects to the plaintiff. Bunnell's deposition testimony also indicates that there was numerous discussions between Duckworth and herself concerning the attitude of the plaintiff towards her co-workers.

The plaintiff's deposition also raises a question as to whether DiAnn Bunnell and Robert Arheart made racial slurs to and about the plaintiff. Specifically, plaintiff testified in her deposition that Robert Arheart told DiAnn Bunnell in November of 1985: "How long is it going to take us to get rid of that black nigger bitch?" Plaintiff's deposition also contains other racial statements made by Bunnell to the plaintiff. Plaintiff's deposition also contains other allegations of discriminatory treatment by these two defendants. While the court recognizes that defendant Duckworth had the ultimate authority to hire and fire, the court finds that the facts establish that these defendants, Bunnell and Arheart, were in supervisory positions over the plaintiff. The record establishes that these defendants were given the authority to rate the plaintiff in her performance, and also to control work assignments and other conditions of employment. The court therefore finds that defendants Bunnell and Arheart have not established, as a matter of law, that they are entitled to summary judgment on these bases.

■ Defendants Bunnell and Arheart have also based their motion for summary judgment on the grounds that Title VII provides the exclusive remedy for plaintiff's claims. After a review of the case

law, the court finds that it must disagree with the defendants. The court finds that the decision in *Jensen v. Board of County Commissioners for Sedgwick County*, 636 F.Supp. 293 (D.Kan.1986) is controlling on this issue. In *Jensen,* the court scrutinized the case law in this area and distinguished several decisions cited by the defendants based on the unique facts raised by each of those cases. In *Jensen,* the plaintiff brought suit against the Board of County Commissioners, alleging he was discriminated against based on sex, that he was discharged in retaliation for filing a grievance, and that he was not afforded due process. He sought relief under Title VII, § 1981, § 1983 and the Fourteenth Amendment of the United States Constitution. After delving into the issue at great length, the court was convinced that Congress, in enacting Title VII, did not intend to preclude state and local government employees from pursuing alternative remedies. The court noted that while Title VII does create an overlap between Title VII and section 1983, there were enough differences in procedures, remedies and legal standards to make it advantageous for an employee to bring an action under both theories.

The court also cited the legislative history of Title VII which conclusively establishes that Title VII is not to be exclusive.

In establishing the applicability of Title VII to state and local employees, the individual's right to file a civil action in his own behalf, pursuant to the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983 *is in no way affected* .... Title VII was envisioned as an independent statutory authority meant to provide an aggrieved individual with an *additional* remedy to redress employment discrimination.... Inclusion of state and local employees among those enjoying the protection of Title VII provides an *alternate* administrative remedy to the existing prohibition against *discrimination perpetrated 'under color of state law' as embodied in the Civil Rights Act of 1871, 42 U.S.C. § 1983.*

*Id.* at 297 (emphasis in original) (quoting H.R.Rep. No. 92–238, 92d Cong., 2d Sess.,

*reprinted in* 1972 U.S.Code Cong. & Admin.News 2137, 2154).

The court specifically distinguished the cases that were cited by the defendants, stating that those cases involved deprivations of a right created by Title VII and not rights created by the Constitution. *Id.* at 298. The court found that a plaintiff may state a constitutional claim under section 1983, even if it stems from the same operative facts as the Title VII claim. *Id.* at 299 (citing *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir.1984). *See also Johnson v. Railway Express Agency,* 421 U.S. 454, 461, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975) (remedies available under Title VII and section 1981, although related, are separate, distinct and independent).

In the present case, plaintiff brings her claims for race discrimination in the conditions of employment and also for her ultimate termination from employment. Clearly these rights are not created by Title VII but are also based on constitutional rights which pre-date Title VII. Thus, the court finds that Title VII is not the exclusive remedy for plaintiff's claims. *Polson v. Davis,* 635 F.Supp. 1130, 1138 (D.Kan.1986).

Defendants Bunnell and Arheart also seek summary judgment on the basis that plaintiff has failed to set forth facts regarding plaintiff's conspiracy claim, under 42 U.S.C. § 1985. In opposition, plaintiff states that defendants have totally failed to even address plaintiff's 42 U.S.C. §§ 1985 and 1986 claims, so these claims could not possibly be dismissed. The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena,* 789 F.2d 836, 837 (10th Cir.1986). All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences

in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ To state a cause of action under section 1985, the pleadings "must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (citing *Clulow v. Oklahoma,* 700 F.2d 1291, 1303 (10th Cir.1983). A review of plaintiff's complaint also alleges that defendants Bunnell and Arheart were acting as individual wrongdoers with a racial motive in subjecting plaintiff to the deprivation of her rights, privileges and immunities secured by the Constitution. The complaint alleges that Bunnell and Arheart subjected the plaintiff to unfair and discriminatory treatment in job assignments, false and unfair job performance evaluations, and termination upon a pretext of racial animus. The court finds that plaintiff's complaint sufficiently states a cause of action under section 1985 and thus defendants' motion to dismiss should be denied. The court notes that while it has been established that a violation of section 1985 cannot be alleged between an entity and its employees when the employees act within the scope of their employment, *Rivas v. State Board for Community Colleges,* 517 F.Supp. 467, 472 (D.Colo.1981), employees who are motivated by personal racial bias and not acting out of a concern for the best interests for their employers are liable for a violation of section 1985. *Id. See also Moore v. Goetz,* No. 83–4300, slip op. at 3–4 (D.Kan., *unpublished,* Mar. 12, 1984) [Available on WESTLAW, DCT database]. The court notes that plaintiff's complaint specifically states that these defendants were acting in their individual capacities when discriminating against plaintiff. The court therefore finds that a section 1985 violation may be alleged against them in their individual capacities. In sum, the court finds that defendants' Bunnell and Arheart's motion to dismiss and/or for summary judgment should be denied.

Defendant Twenty-Sixth Judicial District has also filed a motion to dismiss and/or for summary judgment. Defendant states that the service of process was insufficient and that defendant is immune under the Eleventh Amendment. Defendant also claims that it is not an entity which can be sued. A review of the record indicates that on March 10, 1986, plaintiff filed her complaint. On April 2, 1986, defendant the Twenty-Sixth Judicial District filed its answer. Summons and return on the Twenty-Sixth Judicial District was not filed until December 23, 1986. Said service was accomplished by serving Rosa Padilla of the Kansas Attorney General's Office. At about the same time, defendant filed a motion to dismiss based on insufficiency of service of process. On January 9, 1987, this court denied the defendant's motion to dismiss based on insufficiency of service of process. On January 16, 1987, an alias summons was issued to plaintiff's counsel. The alias summons and return was filed on January 16, 1987, by serving Carl Gallagher, Assistant Attorney General, who was authorized to receive service of process. The court also notes that a day earlier, on January 15, 1987, the defendant also filed another answer.

■ As the court previously stated in its Memorandum and Order dated January 9, 1987, Rule 4(d)(6) of the Federal Rules of Civil Procedure provides that summons and complaint shall be served upon the state or other government organization subject to suit, "by delivering a copy of the summons and the complaint to the chief executive officer thereof by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant." K.S.A. § 60–304(d)(5) provides that service may be made "upon the state or any governmental agency of the state, when subject to suit, by delivering a copy of the summons and the petition to attorney general or an assistant attorney general." In its Memorandum and Order, the court found that service was made

by personally serving Rosa Padilla of the Kansas Attorney General's Office on December 23, 1986, and found that re-service was not necessary. After this Memorandum and Order was filed on January 9, 1987, service of an alias summons and return was served on Carl Gallagher, Assistant Attorney General for the State of Kansas. Clearly, the requirements of Rule 4(d)(6) and K.S.A. § 60–304(d)(5) have been complied with. The court finds that defendant Twenty-Sixth Judicial District's argument based on insufficiency of service of process is meritless.

The next ground upon which the Twenty-Sixth Judicial District bases its motion is its claim that the Eleventh Amendment bars suits against states and their agencies for violations of §§ 1981, 1983, 1985, or 1986. In response, plaintiff claims that she is not alleging claims against this defendant under §§ 1981, 1983, 1985, or 1986. Plaintiff claims that she is only suing the Twenty-Sixth Judicial District for a violation of Title VII. Thus, the court finds it is superfluous to address this issue.

Finally, defendant Twenty-Sixth Judicial District claims that it is not an entity which can be sued. For support, the defendant Twenty-Sixth Judicial District cites the decision of *Hopkins v. State*, 237 Kan. 601, 702 P.2d 311 (1985). In *Hopkins*, the Kansas Supreme Court cited K.S.A. § 75–6102, which provides that each governmental entity is subject to liability for damages caused by the wrongful act or omission of any of its employees while acting within the scope of their employment. K.S.A. § 75–6102(c) was then cited for the definition of governmental entity. The court further cited K.S.A. § 75–6102(a) for its definition of state, which includes the state of Kansas *and* any department or branch of state government or any agency, authority, institution or other instrumentality thereof. The court agreed with the trial court's finding that the legislature may create a separate governmental entity with the capacity to sue and be sued, but such authority must be expressly created. *Id.* at 606, 702 L.2d 311 (citing *Murphy v. The City of Topeka*, 6 Kan.App.2d 488, 491, 630 P.2d 186 (1981)).

The court in *Hopkins* recognized that there is a line of Kansas cases which hold that subordinate governmental agencies do not have the capacity to sue or be sued in the absence of statute. *Id.* In conclusion, the court found that the district court was correct in determining that the agency had not been granted the power to sue or be sued. In *Hopkins*, the plaintiffs had failed to name the State of Kansas as a party defendant. The plaintiffs then filed a motion to amend and add the State, at the same time that the defendant, the Kansas Highway Patrol, filed a motion to dismiss, arguing that it did not have the capacity to sue or be sued. The court granted the plaintiffs' motion to amend to add the State as a party defendant. The court later granted the Kansas Highway Patrol's motion to dismiss.

In resolving this issue in the present case, the court notes that neither party provided the court with much case law or statutory authority to aid the court in making its determination. The court finds, however, after a review of the statutory authority, that in the absence of specific statutory language granting the judiciary or the Judicial District of Kansas with the capacity to sue or be sued, it is not capable of being sued. The court finds that plaintiff should have brought this action against the State of Kansas. The court therefore finds that defendant Twenty-Sixth Judicial District's motion to dismiss and/or for summary judgment should be granted on the basis that the Twenty-Sixth Judicial District is not the proper party to sue.

IT IS BY THE COURT THEREFORE ORDERED that defendant Keaton Duckworth's motion to amend his answer to include judicial immunity as an affirmative defense is hereby granted. IT IS FURTHER ORDERED that plaintiff's motion to require defendants to file entire discovery record is hereby denied. IT IS FURTHER ORDERED that defendant Duckworth's motion to strike plaintiff's supplement to brief on dispositive motions is hereby denied. IT IS FURTHER OR-

DERED that defendant's motion to dismiss and/or for summary judgment of defendant Duckworth on the basis of judicial immunity is hereby granted. IT IS FURTHER ORDERED that defendants Bunnell and Arheart's motion for summary judgment and/or dismissal is hereby denied. IT IS FURTHER ORDERED that defendant Twenty-Sixth Judicial District of Kansas' motion to dismiss and for summary judgment, on the basis that it is not amenable to suit, is hereby granted.

## ON MOTION FOR RECONSIDERATION

This matter is before the court on plaintiff's motion for reconsideration of the Court's Memorandum and Order filed on April 8, 1987. Plaintiff has also filed a motion for leave to file a second amended complaint.

After reviewing the record, the court finds that plaintiff's motion for reconsideration of the Court's Memorandum and Order filed on April 8, 1987, which granted defendant Duckworth summary judgment on the basis of judicial immunity should be denied. The court finds that the facts in *Guercio v. Brody*, 814 F.2d 1115 (6th Cir. 1987) can be distinguished from the facts in this case in that in *Guercio*, a former personal secretary of the bankruptcy judge brought a wrongful termination action against the bankruptcy judge. The present case involves an officer of the court. The court finds that its determination in the present action was proper based on the decision in *Bryant v. O'Connor*, No. 85–4348 (D.Kan., *unpublished*, Dec. 2, 1986) and *Forrester v. White*, 792 F.2d 647, 657 (7th Cir.1986). The court therefore finds that plaintiff's motion for reconsideration should be denied.

The court will next address plaintiff's motion for leave to file a second amended complaint. Plaintiff has filed this motion for leave to file a second amendment to the complaint to name the State of Kansas. Plaintiff seeks to amend her complaint due to the court's ruling that the defendant Twenty-Sixth Judicial District is not capable of being sued. The court notes that defendant Duckworth is still included in a proposed second amendment to the complaint.

Amendment of the pleadings is governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides that after responsive pleadings, a party may amend her pleading only by leave of court or by written consent of the adverse party. The court shall freely grant leave when justice so requires. In addition to the federal rule, the United States Supreme Court has warned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Such a motion is within the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). In the absence of a specific factor such as flagrant abuse, bad faith, or unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding whether to grant leave for a motion to amend.

In response to plaintiff's motion for leave to amend, defendants state that the motion is not timely, will have the effect of causing prejudice to the defendant, will result in delay, and will necessitate further filings of substantive motions. The court cannot find, however, that defendants would be prejudiced by the amendment, which merely adds the state of Kansas to this controversy. The court finds that the claims in the proposed amendment arise out of the same conduct, transactions and occurrences set forth in the original complaint. The proposed defendant State of Kansas has received notice of this action and will not be prejudiced in maintaining its defense. The court finds, however, that plaintiff shall not be granted leave to include defendant Duckworth in her proposed second amendment to the complaint. As the plaintiff concedes, the court has previously granted Duckworth's motion for summary judgment on the grounds that he is judicially immune from suit. The court therefore finds that plaintiff should delete Duckworth as a party defendant before filing her second amendment to the complaint.

The defendants Bunnell and Arheart filed a motion to transfer the trial setting to Topeka. Defendants state that the witnesses for both the plaintiff and defendants are located primarily in Topeka or

Liberal, Kansas. Thus, in order to keep presentation of evidence to the jury running smoothly, it would be more expeditious to try the case in Topeka. The court notes that the defendants represent that Fred Phelps, plaintiff's counsel, has agreed that the case should be tried in Topeka. The court therefore finds that defendants' Bunnell and Arheart's motion to transfer the trial setting to Topeka is hereby granted.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for reconsideration of the Court's Memorandum and Order filed April 8, 1987, which granted summary judgment to defendant Duckworth on the grounds of judicial immunity is hereby denied. IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amendment to her complaint is granted in part. Plaintiff shall have leave to file a second amendment to name the State of Kansas as a party defendant. Plaintiff's motion for leave to file a second amendment to the complaint which names Keaton G. Duckworth as a defendant is hereby denied. IT IS FURTHER ORDERED that the defendants Bunnell and Arheart's motion to transfer the trial setting to Topeka is hereby granted.

DATED: This 26th day of June, 1987, at Kansas City, Kansas.