**Vicki L. SCOTT, Plaintiff,**

v.

**CITY OF TOPEKA POLICE AND FIRE CIVIL SERVICE COMMISSION, Defendant.**

**Civ. A. No. 88–4098–S.**

United States District Court, D. Kansas.

April 11, 1990.

Pantaleon Florez, Jr., Topeka, Kan., for plaintiff.

Neil Roach, Chief of Litigation, City of Topeka, Kansas, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for judgment notwithstanding the verdict. Plaintiff has also moved that the judgment in this case be altered or amended to require the City of Topeka, Kansas to hire plaintiff Vicki L. Scott as a firefighter.

On March 5–6, 1990, plaintiff's sex discrimination in employment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was tried to the court while plaintiff's claims under the Kansas Acts Against Discrimination, K.S.A. 44–1001 et seq., and under 42 U.S.C. § 1983, were tried to a jury. On March 8, 1990, judgment was entered on the jury's verdict in favor of plaintiff in the amount of $9000.00. On March 9, 1990, judgment was entered in favor of plaintiff on her Title VII claim; defendant City of Topeka Police and Fire Civil Service Commission was ordered to certify plaintiff as eligible for hire as a City of Topeka firefighter.

*Defendant's Motion for Judgment Notwithstanding the Verdict*

The standard by which defendant's motion for judgment notwithstanding the verdict must be judged has been stated as follows:

A motion for judgment notwithstanding the verdict requires that the evidence be viewed in the light most favorable to the party against whom the motion is made, and all inferences reasonably drawn from the evidence must also be resolved

in favor of the party against whom the motion is made. This court is not permitted to weigh the evidence presented, nor to pass on the credibility of witnesses, nor to substitute its judgment of the facts for that of the jury. Only if no reasonable inferences sustain the position of the party against whom the motion is being made will the judgment notwithstanding the verdict be granted. *Commons v. Montgomery Ward & Co.,* 614 F.Supp. 443, 448–49 (D.Kan.1985) (citations omitted). *See Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 634 (10th Cir.1988).

■ In its motion, defendant contends that it is entitled to judgment notwithstanding the verdict on two grounds. First, defendant argues that reasonable persons could not differ regarding whether defendant's stated reason for not certifying plaintiff as eligible for the firefighter position, i.e., her poor credit record, was a pretext for gender discrimination. Defendant states that there was a "substantial distinction" between the poor credit records of the male applicants who were certified and plaintiff's, who was not certified. The court finds, however, that because gender discrimination was a reasonable inference from defendant's disparate treatment of the male applicants and plaintiff Scott, the court may not grant defendant's motion for judgment withstanding the verdict on this ground. Defendant's motion constitutes a simple invitation for the court to reweigh the evidence presented at trial to reach a result contrary to that reached by the jury on plaintiff's sex discrimination claims under the Kansas Acts Against Discrimination and under 42 U.S.C. § 1983; this the court cannot, and will not, do. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2524.

■ The second ground raised by defendant in its motion concerns the jury's award of damages. In support of her claim for damages, plaintiff testified concerning the difference between her earnings and benefits in her present job as a dispatcher for the City of Topeka Police and Fire Departments and what she would have received if she had been certified and hired as a City of Topeka firefighter. Plaintiff's testimony concerning the calculation and amount of damages was essentially undisputed by defendant at trial. The main thrust of defendant's argument in this motion is directed, not to the amount of damages, but rather to the issue of whether plaintiff would have been hired as a firefighter, had she been certified. Defendant contends that there was no evidence that plaintiff would have been hired, had she been certified, and thus, there is no "foundation" for an award of monetary damages to plaintiff in this case.

The court finds, however, that there was sufficient evidence to support the jury's award of damages in this case. Under the standard set out in *Commons,* the court finds that it was not unreasonable for the jury to conclude that plaintiff Scott would have been hired, had she been certified, and that she would have been certified if not for gender discrimination. Although Fire Chief Casey Jones stated that certification as eligible for hire by the City of Topeka Police and Fire Civil Service Commission was no guarantee of being hired as a firefighter, the testimony at trial concentrated on several male applicants who were certified and hired, despite their poor credit records. The sole reason given by the Commission for not certifying Scott was her poor credit record. There was no evidence that her qualifications (including the credit criterion) were any less than the male applicants who were eventually hired. To the contrary, the male applicants with poor credit records to whom plaintiff was compared at trial and who were hired as firefighters also had additional problems that plaintiff did not share, e.g., selling and using illegal drugs and arrests for driving under the influence.

Other than her poor credit record, which the jury found to be a pretext for discrimination in this case, the evidence presented at trial was that plaintiff could be considered very qualified for the firefighter position, especially given her position as dispatcher. In fact, Fire Chief Casey Jones (who could select firefighters for hire from

the list of certified applicants) recommended Scott for certification and stated that, in his opinion, nothing precluded Scott from being a firefighter. Given the evidence that male applicants with poor credit records and additional problems were certified and hired by the City of Topeka as firefighters, the court finds it was reasonable for the jury to conclude that Scott would also have been hired, had she been certified. Thus, the court finds the jury's award of damages to be reasonable, and supported by the evidence. Therefore, defendant's motion for judgment notwithstanding the verdict on jury's award of damages will also be denied.

*Plaintiff's Motion to Alter or Amend Judgment*

In the court's memorandum and order of March 9, 1990, finding for plaintiff on her Title VII claims, the court ordered defendant City of Topeka Police and Fire Civil Service Commission to certify Scott as eligible for hire as a firefighter for the City of Topeka. The court did not, at that time, order the City of Topeka to hire Scott as a firefighter, and invited additional clarification from the parties regarding the court's authority to order the City of Topeka to hire Scott. Plaintiff has moved to alter or amend judgment to obtain additional relief, i.e., an order that the City of Topeka hire Scott as a firefighter.

 Rule 59(e) of the Federal Rules of Civil Procedure, added by amendment in 1946, makes clear the power of the district court to alter or amend a judgment after its entry. *See* Fed.R.Civ.P. 59(e) advisory committee's note (citing *Boaz v. Mutual Life Ins. Co.*, 146 F.2d 321 (8th Cir.1944)). A motion to alter or amend judgment is particularly appropriate to obtain additional relief to which a party has been found to be entitled. 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2817 (citing *Continental Cas. Co. v. Howard*, 775 F.2d 876, 883 (7th Cir.1985), *cert. denied*, 475

U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986)).

The issue now before the court on plaintiff's motion to alter or amend judgment and stated by the court in its previous memorandum and order is whether the court can order the City of Topeka to hire plaintiff given that the City was not formally joined as a separate party defendant in this lawsuit. The court must note that the City of Topeka's status as a defendant in this lawsuit was never questioned by the parties, and certainly never raised as a defense. Because the court, however, raised this point, *sua sponte*, in its March 9, 1990 memorandum and order, the court will further discuss the matter here and amend its findings of the previous order on plaintiff's Title VII claims accordingly.[1]

The court finds that analysis of the matter raised by the court with regard to making a hiring order in this case has several components: (1) whether the court has jurisdiction to render judgment against the City of Topeka in this matter, (2) whether the City of Topeka is liable under Title VII for the discriminatory acts of the City of Topeka Police and Fire Civil Service Commission, (3) whether the evidence at trial supports a finding that, but for illegal discrimination, plaintiff Scott would have been hired as a firefighter, and (4) whether the court should, in its discretion, order the City of Topeka to offer Scott a firefighter position as appropriate relief under Title VII.

 With regard to the first component, the court finds that it does have jurisdiction over the City of Topeka. Plaintiff captioned her complaint as being against the "City of Topeka Police and Fire Civil Service Commission." Paragraph 7 of her complaint, which defendant admitted in its answer, alleged as follows:

Defendant, City of Topeka, Police and Fire Civil Service Commission (hereinafter Commission), is a Kansas munici-

---

1. For clarification purposes, the court will simply note that plaintiff's motion to alter or amend is only being considered in connection with the court's findings on plaintiff's Title VII claim. The jury's decision in favor of plaintiff

on her claims under section 1983 and under the Kansas Acts Against Discrimination, as well as the jury's award of damages, will not be re-examined or disturbed here.

pality, and may be served with process by servicing City Clerk for the City of Topeka, 215 S.E. Seventh Street, Topeka, Kansas, and is an employer within the meaning of § 701(b) of Title VII, 42 U.S.C. § 2000e(b) and the Kansas Act. Plaintiff's discrimination charge was filed in the same manner. The City Clerk for Topeka was served with summons on behalf of the above-named defendant. The answer filed in the case begins with the phrase, "Comes now defendant, City of Topeka, and for its answer, states ..." The City of Topeka conducted the entire defense of this case. No objections to the manner of service, jurisdiction, or to the manner in which the parties were constituted were ever raised, by motion to dismiss or otherwise, and thus are deemed waived. Because the record amply reflects that the parties have not recognized any distinction between the City of Topeka and its Commission, and because defendant did not raise its jurisdictional objections (if any indeed existed), in a timely manner, the court finds any objections to jurisdiction by the City of Topeka are without merit.

■ With regard to the second component of the analysis outlined above, the court finds that the City of Topeka can be held liable, and ordered to hire plaintiff, for the discriminatory acts of its Commission under Title VII. The City of Topeka is an employer under Title VII, 42 U.S.C. 2000e(b), and has so admitted in its pleadings. Because of the City's delegation to the Commission of the important employment decision of certifying applicants as eligible for hire as city firefighters and police officers, the City of Topeka Police and Fire Civil Service Commission can be said to have acted as an agent for the City of Topeka. *See Mason v. Twenty–Sixth Judicial Dist. of Kansas*, 670 F.Supp. 1528, 1532 (D.Kan.1987). Contrary to the standards for liability under section 1983, an employer is liable for the discriminatory acts of its supervisory personnel, employees and agents under Title VII. *See Hamilton v. Rodgers*, 791 F.2d 439, 444 (5th Cir.1986). The definition of employer under the statute expressly includes governments, governmental agencies, and political

subdivisions and their agents. 42 U.S.C. § 2000e(a), (b). Municipalities have been held liable under Title VII for the discriminatory practices of commissions or committees to which employment decisions have been delegated by the municipality. *See Vanguard Justice Soc. v. Hughes*, 471 F.Supp. 670 (D.Md.1979); *Curran v. Portland Superintending School Comm.*, 435 F.Supp. 1063, 1073 (D.Me.1977). To hold that the City of Topeka could avoid liability for employment discrimination by delegating certification decisions to a commission would be contrary to the broad scope of the definition of "employer" under Title VII and would eviscerate Title VII's protection for municipal employees. Therefore, the court finds that the City of Topeka can be held liable under Title VII for the gender discriminatory practice of its Police and Fire Civil Service Commission in this case.

■ The court will now turn to the third component discussed above, i.e., whether the evidence presented at trial was sufficient to support an order directing the City to hire Scott. Upon examination of the parties' arguments in connection with the parties' present motions, and upon re-examination of the evidence presented at trial, the court is firmly convinced that there is no evidentiary barrier to ordering the City of Topeka to hire Scott. The court concurs with the jury's assessment, as stated above, that Scott would have been hired as a firefighter had she not been discriminated against by the Commission in its certification process. Although the court previously expressed its desire for "clear evidence" with regard to whether Scott would have been hired or not, had she been certified, the court now finds that this reference misstates the facts presented at trial and the applicable law concerning burdens of proof. Therefore, the court will amend its previous findings of fact and conclusions of law to state that the court finds that sufficient evidence was in fact presented at trial to allow the court to find, more probably than not, that Scott would have been hired, had she been certified. The court now finds that plaintiff has proved by a preponderance of the evidence

that she would have been hired, but for the Commission's discriminatory denial of certification. Therefore, the court finds that no further evidence on this point is required to support the relief requested by plaintiff.

The final component of the court's analysis concerns what relief is appropriate in this case. As an initial matter, the court notes that it can exercise considerable discretion in its award of equitable relief under Title VII, including ordering that a plaintiff be hired. 42 U.S.C. 2000e-5(g). As the Tenth Circuit Court of Appeals has stated, this court "has a broad discretion in fashioning relief to achieve the broad purpose of eliminating the efforts of discriminatory practices and restoring the plaintiff to the position that she would have likely enjoyed had it not been for the discrimination ... The statute allows for an award of any equitable relief the court deems appropriate." *Fitzgerald v. Sirloin Stockade, Inc.*, 624 F.2d 945, 957 (10th Cir.1980) (citations omitted).

The court finds that, but for discrimination on the basis of her gender, plaintiff Scott would have been certified as eligible for hire. The court also finds that sufficient evidence was produced at trial to find that Scott would have been hired as a firefighter for the City of Topeka, had she not been illegally denied certification. The court further finds that the evidence shows that Scott was qualified to assume the firefighter position when she initially applied and was denied certification and that she remains qualified to assume the position at this time. The court also finds that an order that Scott be hired as a firefighter for the City of Topeka is appropriate and necessary relief under the circumstances of this case and under applicable Title VII law. The court therefore finds that plaintiff's motion to alter or amend judgment should be granted; the court will order the City of Topeka to immediately hire plaintiff Scott as a City of Topeka firefighter. The court also finds that its findings of fact and conclusions of law in its memorandum and order of March 9, 1990 should be altered or amended, in accordance with the above opinion.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for judgment notwithstanding the verdict is denied.

IT IS FURTHER ORDERED that plaintiff's motion to alter or amend judgment is granted, consistent with the above opinion. The City of Topeka is hereby ordered to immediately hire plaintiff Vicki L. Scott as a firefighter for the City of Topeka Fire Department.